Ray F. LAMBERSON, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (U.S. SILICA, Pennsyl-
vania Glass Sand Corporation, The State
Workmen's Insurance Fund, The Insur-
ance Company of North America), Re-
spondents.

PENNSYLVANIA GLASS SAND CORP.
and INA/Cigna, Petitioners,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (LAMBERSON),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1994.

Decided Feb. 13, 1995.

Paul J. Dellasega, for petitioners.

Laverne M. Kovacs, for respondents.

Frederick W. Ulrich, for respondents PA Glass Sand Corp. and The Insurance Co. of North America/CIGNA.

Before McGINLEY, J., PELLEGRINI, J. (P.), and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Ray F. Lamberson (Claimant) and INA/CIGNA (Cigna) both filed petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed in part and reversed in part a decision by a referee. We affirm in part and reverse in part.

On September 25, 1981, Claimant suffered a work-related fracture below his right hip, while he was employed by Pennsylvania Glass Sand Corporation (Pa Glass). Cigna, as Pa Glass' workmen's compensation carrier, paid Claimant disability benefits from September 26, 1981 through March 8, 1982, and again from October 2, 1982 through November 4, 1982. A final receipt was signed on December 3, 1982.

On September 13, 1985, Pa Glass underwent reorganization and changed its name to U.S. Silica. U.S. Silica engaged State Workmen's Insurance Fund (State Fund) as its workmen's compensation insurance carrier. Claimant remained an employee of the new corporation but, in 1985 or 1986, changed job duties to ones that involved heavier manual labor. In 1985 Claimant began experiencing symptoms in his knee and hip and he began treatment with Nicholas E. Mihelic, M.D., in 1988. On September 10, 1990, Dr. Mihelic performed a total right hip replacement. In April of 1991, Claimant returned to work with some restrictions and an alleged slight earning loss.

Cigna paid the medical care costs totalling $32,492.88 and did not contest the causal relationship between the 1981 injury and the 1990 total hip replacement procedure. However, Cigna refused to pay total disability benefits in 1990 because it believed that Claimant's claim was time barred; more than three years had elapsed since Claimant had executed a final receipt in 1982. Therefore, on November 16, 1990, Claimant filed the following two petitions: (1) a claim petition against U.S. Silica and State Fund, alleging a right hip injury on August 31, 1990; and (2) a petition to set aside final receipt, alleging that he had not fully recovered from his original 1981 hip fracture.

At the hearings before the referee, Claimant testified on his own behalf and presented the deposition testimony of Dr. Mihelic. Cigna offered the deposition testimony of Susan Roberta Freedman, D.O., and U.S. Silica and State Fund presented the deposition testimony of Myron E. Sevick, M.D. The referee credited the testimony of Dr. Mihelic and Dr. Freedman and found Dr. Sevick's testimony credible only to the extent that it corroborated that of Drs. Mihelic and Freedman.

The referee determined that Claimant had sustained a *new* injury in 1990. Specifically, the referee found in part that:

21. After carefully reviewing all of the testimony and evidence in this case, this Referee finds persuasive and convincing such testimony and evidence that establishes that:

(a) The heavy, manual labor activities that the Claimant performed at work between 1985 and August 31, 1990 materially contributed to the increasing and worsening symptoms in the Claimant's right hip that caused his hip replacement surgery on September 10, 1990.

(b) The last date to which Claimant was exposed to the multiple repetitive trauma that caused his total hip replacement was August 31, 1990.... The Referee, therefore, specifically finds that the Claimant's date of injury was August 31, 1990. The parties have stipulated and it is found that his average weekly wage was $455.62 as of August 31, 1990.

(c) Claimant was temporarily totally disabled from September 1, 1990 to April 8, 1991.

(d) Claimant returned to work, with restrictions, but at no loss of earnings on April 8, 1991.

(e) State Workmen's Insurance Fund is the insurance carrier of record on the date of injury, INA/CIGNA's coverage having expired on September 13, 1985.

. . . .

24. INA/CIGNA paid medical expenses as set forth in Claimant's Exhibits C–5 and C–6. Said payments total $32,492.88.

(Referee's decision, p. 7.)

Because the referee concluded that Claimant had met the burden of showing that he had sustained a new work-related injury, the referee dismissed the petition to set aside the final receipt and released Pa Glass and Cigna as defendants in the claim petition action. The referee held that U.S. Silica and State Fund were the responsible parties liable for the payment of compensation benefits together with interest, relating to the 1990 work-related injury. The referee also concluded that State Fund was the insurance carrier responsible for any unpaid medical expenses associated with the 1990 injury. The referee further found that Claimant was not entitled to attorney's fees because State Fund, by relying on Dr. Sevick's opinion, had a reasonable basis for contesting Claimant's petition; thus, Claimant's counsel received payment in accordance with a fee agreement, said fees to be deducted from compensation payable. The referee also directed Cigna to seek reimbursement for any overpayment of medical expenses from the Supersedeas Fund, believing its claim for subrogation did not come within the purview of Section 319 of The Pennsylvania Workmen's Compensation Act (Act).[1] Lastly, the referee ordered the

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, which states:

§ 671. Subrogation of employer to rights of employee against third persons; subrogation of employer or insurer to amount paid prior to award

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employ-

suspension of compensation benefits as of April 9, 1991, having found that Claimant was able to return to work without a loss of earnings.

Both Claimant and U.S. Silica appealed from the referee's decision. The Board affirmed in all respects, except with regard to the referee's conclusion that Cigna should apply to the Supersedeas Fund. The Board concluded that Cigna had no right to subrogation pursuant to Section 319 of the Act because the facts did not establish that State Fund was a third party tort-feasor, yet its lack of a right to subrogation under the Act did not extinguish State Fund's obligation to pay Claimant's medical bills resulting from the new injury. Therefore, the Board held that State Fund was liable to Cigna for the $32,492.88 payment. The Board also denied Claimant's counsel a right to twenty percent of the reimbursement amount and rejected Claimant's argument that he was entitled to partial disability benefits rather than a suspension, based on an alleged earnings disparity.

Claimant's and Cigna's petitions for review of the Board's order were consolidated for our review.[2] The following enumerated issues, as stated by Claimant in his brief, incorporate the issued raised by Cigna.

1. If Cigna has no right to subrogation, is not the Claimant entitled to an award from the liable defendant for all medical expenses causally related to his injury?

2. If Claimant is entitled to an award of medical expenses should statutory interest be assessed on the amount of unpaid medical expenses?

3. Does Cigna have a right to subrogation for medical expenses it paid where the cause of the medical expenses resulted from an injury sustained by the Claimant in the course of his employment with a third party not insured by Cigna, i.e., U.S. Silica?

4. Is U.S. Silica and it's [sic] insurer, the State Fund, liable for payment of interest on medical expenses regardless of whether those expenses are payable directly to the Claimant or to Cigna?

5. Is Claimant's counsel entitled to a twenty percent counsel fee against the amount of medical expenses recovered in this action irrespective of whether they are awarded to the Claimant or to Cigna?

6. Should counsel fees be assessed against U.S. Silica where the testimony of it's [sic] medical expert actually supported the claim made against U.S. Silica?

7. Is Claimant entitled to an award of partial disability benefits where he has not fully recovered from his injury and he returned to work at wages slightly less than his average weekly wage?

8. If counsel fees are assessed against U.S. Silica is remand required to determine the correct amount of counsel fees?

(Claimant's brief, pp. 11–12.)

Because issue numbers one and three are interrelated and are in essence argued in the alternative, we will address them together. We recognize that Claimant has undertaken the burden of pressing the claim for reimbursement for himself and/or for Cigna.

■ Claimant first contends that he is entitled to an award from the liable defendant for all medical expenses causally related to his injury, citing *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons),* 105 Pa.Commonwealth Ct. 325, 524

er on account of any future installments of compensation.

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

2. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

A.2d 1016 (1987), *petition for allowance of appeal denied*, 518 Pa. 644, 542 A.2d 1372 (1988). In *Frymiare*, the court held that the workmen's compensation insurer was responsible to pay medical expenses of a claimant injured in the course of his employment and that this obligation may not be avoided because some other source has initially paid the medical costs. Although the insurance carrier argued that the claimant would be the beneficiary of a double recovery, the court rejected this argument, stating that:

> The reasonableness or logic of this assertion is not apparent. The workmen's compensation insurer is responsible to pay medical expenses of a claimant injured in the course of his employment, and this obligation may not be avoided on the basis that some other source, such as Claimant's wife's sources through her employer, may have initially defrayed such costs. The exception, of course, is where the source of the payments is funded by the employer. It would be no different, we believe, if the wife had advanced these medical payments out of her own personal resource.

*Id.* 105 Pa.Commonwealth at 330–31, 524 A.2d at 1019. The *Frymiare* court also indicated that subrogation would be permitted, if the claim was asserted by employer or insurance company, pursuant to the second paragraph of Section 319 of the Act, "where an insurance company makes payments for either disability or medical expenses, believing such injury was not compensable under the Act when the injury was, in fact compensable. . . ." *Id.* (quoting *Kuhn v. Workmen's Compensation Appeal Board (Leader Nursing Centers Inc.)*, 100 Pa.Commonwealth Ct. 407, 411, 514 A.2d 690, 692 (1986), *petition for allowance of appeal denied*, 515 Pa. 570, 526 A.2d 1191 (1987)). In a footnote, the *Frymiare* court noted that the claimant's wife could not be subrogated because she was not the actual payer but also because only an employer or insurer is eligible for subrogation under the second paragraph of Section 319. Thus, because the insurance carrier did not seek subrogation, the claimant was allowed simultaneous recovery from both employer and from claimant's wife's private health care plan, a double recovery. This is not the situation here. Claimant's

counsel asserted Cigna's subrogation rights; hence, we hold that Claimant himself is not eligible for subrogation under Section 319.

■ State Fund recognizes that the Board holds it liable as U.S. Silica's workmen's compensation insurance carrier for payment of Claimant's medical expenses incurred as a result of the new 1990 injury, but contends that *Frymiare* is distinguishable. State Fund argues that it was Employer's previous insurer, Cigna, that defrayed the costs of medical expenses and, therefore, the facts here fall within the *Frymiare* exception. Simply stated, State Fund argues that the source of the payments was funded by Employer and, thus, State Fund should pay neither Claimant nor Cigna. Alternatively, State Fund argues that if it is required to pay for the medical expenses, Cigna, not Claimant, should be the recipient.

Having determined that Claimant is not entitled to the subrogation award, we now examine Cigna's right to reimbursement. Although the issues raised in *Gattuso v. Workmen's Compensation Appeal Board (McKeesport Candy Co.)*, 166 Pa.Commonwealth Ct. 232, 646 A.2d 611 (1994), and in *Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, 148 Pa.Commonwealth Ct. 164, 609 A.2d 915 (1992), concern interest on subrogation awards, the cases are instructive as to whether reimbursement should be paid to Cigna. In both *Gattuso* and *Good Shepherd*, the claimants' medical expenses were paid by third-party insurers who sought reimbursement for the funds expended by them while the matter was in litigation. In both cases the referee ordered reimbursement to the third-party insurer. Of note in *Good Shepherd* is a portion of the opinion's factual recitation.

> This appeal concerns payments for medical expenses incurred before the claim petition was filed. These payments were originally made by third-party insurers, . . . and their right to subrogation was asserted by claimant's counsel during the original claim proceedings. The referee's decision, which was ultimately affirmed by our prior decision, instructed employer to reimburse those insurers. After this court

filed its decision, employer (through its insurer, PMA Insurance Company) paid claimant for medical expenses incurred after the claim petition had been filed and paid the third-party insurers for the expenses paid by them before the claim petition was filed. Employer did not pay any interest for any of the medical expenses.

*Id.* at 165–66, 609 A.2d at 915 (footnote deleted). Clearly, the factual situation in *Good Shepherd* is indistinguishable from the facts here and, thus, that case by implication controls our decision.

Moreover, the second paragraph of Section 319 is relevant. Section 319 usually applies "where an employer or insurance company has made payments for either disability or medical expenses under some non-workmen's compensation program with subsequent determination that the payments were compensable under the Act." *Baierl Chevrolet v. Workmen's Compensation Appeal Board (Schubert)*, 149 Pa.Commonwealth Ct. 367, 371, 613 A.2d 132, 134 (1992), *petition for allowance of appeal denied*, 533 Pa. 662, 625 A.2d 1195 (1993). The fact that here Cigna was a workmen's compensation carrier is of no moment. Pa Glass was the entity that was the source of the premium payments, not U.S. Silica, the liable defendant. Here Cigna stands in the shoes of any health insurance or automobile insurance carrier deemed not to be the responsible party. Because Cigna paid Claimant's medical expenses, it should be reimbursed, just as Blue Cross in *Gattuso* and in *Good Shepherd* was reimbursed. "The concept of subrogation is based on 'the right of one, who has paid an obligation in which another should have paid, to be indemnified by the other.'" *Holgate v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 104 Pa.Commonwealth Ct. 32, 35, 521 A.2d 82, 84 (1987) (quoting *Olin Corp. v. Workmen's Compensation Appeal Board*, 14 Pa.Commonwealth Ct. 603, 608, 324 A.2d 813, 816 (1974).

The only result that can follow from the referee's determination that State Fund was the responsible carrier is an order that State Fund reimburse Cigna for sums expended on State Fund's behalf. Accordingly, we affirm the Board's order requiring this payment.

■ We next address the issues concerning whether interest is due to Cigna on the unpaid medical expenses. Cigna contends through Claimant's attorney that pursuant to Section 406.1 of the Act, 77 P.S. § 717.1, the payment of interest on compensation benefits and on medical bills, as well as on subrogation awards, is an absolute obligation. Section 406.1 states that "[i]nterest *shall* accrue on all due and unpaid compensation at the rate of ten per centum per annum." (Emphasis added.) Interest is compensation to a claimant for the delay during which an employer or its insurer has the use of the funds and the claimant does not. *Frymiare.* Interest automatically becomes payable under Section 406.1 as soon as a referee deems an award to be valid. *Gattuso; Good Shepherd.* In *Good Shepherd,* the court held that interest under Section 406.1 is payable on a subrogation award made to a third-party insurer that paid a claimant's work-related medical bills during litigation. We believe these cases to be controlling and, therefore, hold that U.S. Silica and State Fund are liable to Cigna for the interest due on the subrogation award.

■ Claimant next argues that his attorney is entitled to a twenty percent counsel fee against the medical expenses recovered, because Cigna would not have received the subrogation award if it had not been for Claimant's attorney, who pursued the action against U.S. Silica as a cause of action for a new injury.

Claimant relies on *Chovan v. Wheeling–Pittsburgh Steel Corp.,* 30 Pa.Commonwealth Ct. 127, 373 A.2d 136 (1977), a case in which the employer sought subrogation for General American, a health and accident insurer that was not the employer's workmen's compensation carrier. The *Chovan* court stated:

> If General American was an actual insurer, which for premiums paid assumed the liability of Wheeling–Pittsburgh under the benefit program, the right of subrogation here would be General American's, both in *form* and *substance.* Because General American is not Wheeling–Pittsburgh's workmen's compensation carrier and thus has no liability to Chovan under the Act,

its 'subrogation' claim is not in the nature of a set-off or defalcation but is, in fact, a subrogation of General American to *funds that it would have no rights in respect thereof in the absence of Chovan's successful litigation* of his workmen's compensation claim. General American would thus be the recipient of a true pecuniary benefit from the efforts of Chovan and his counsel. Under those circumstances, we believe the principle enunciated by Judge Rogers in [*Workmen's Compensation Appeal Bd. v.*] *Del Vecchio,* supra, 23 Pa.Cmwlth [244] at 248, 351 A.2d [691] at 693 [ (1976) ], would be fully applicable:

> The right to subrogation derives from equitable principles. Equity to the claimant in a workmen's compensation case clearly demands that the subrogee of a fund created by a claim pursued by the claimant should be required to contribute proportionately to reasonable fees and costs expended in producing the fund.

It is the receipt of a pecuniary benefit by the subrogee due to the efforts of the subrogor which triggers equity's demand that the subrogee pay for its benefit by sharing proportionately in the costs of producing the fund.

*Id.* at 132–33, 373 A.2d at 138–39 (emphasis in original).

Claimant's argument is persuasive; thus, relying on the underlying principles in *Chovan,* we conclude that Claimant's counsel is entitled to receive from Cigna a proportionate twenty percent share of the subrogation award obtained through the efforts of Claimant's counsel.

■ Claimant also contends that reasonable counsel fees should be awarded, pursuant to Section 440 of the Act, 77 P.S. § 996. Claimant bases this argument on U.S. Silica's alleged failure to meet its burden of establishing facts sufficient to prove a reasonable basis for the contest. Claimant contends that the only issue was medical and U.S. Silica's medical expert, Dr. Sevick, agreed with Claimant's and Pa Glass' experts.

In regard to this argument, we note the referee's credibility determination that Dr.

Sevick's testimony was accepted to the extent that it corroborated the testimony of the other medical experts. However, our review of the record reveals that although Dr. Sevick conceded on cross-examination that heavy manual labor aggravated Claimant's condition, his opinion provided a basis for U.S. Silica and State Fund to contest Claimant's claim petition.

> In a worker's compensation proceeding, answers given in cross-examination do not, as a matter of law, destroy the effectiveness of previous opinions expressed by a physician. Rather, the evidence will be assessed as a whole in passing upon the weight to be given to the expressed opinion.... Furthermore, weight and credibility of medical evidence are solely within the province of the referee.

*Hannigan v. Workmen's Compensation Appeal Board (Asplundh Tree Expert Co.),* 151 Pa.Commonwealth Ct. 252, 256–57, 616 A.2d 764, 767 (1992), *petition for allowance of appeal denied,* 535 Pa. 670, 634 A.2d 1118 (1993).

Here, U.S. Silica and State Fund contested Claimant's petition asserting that a new injury had occurred, relying on Dr. Sevick's opinion that Claimant's hip replacement "surgery was necessitated by the fracture he suffered in 1981." (Dr. Sevick's deposition, p. 10.) Dr. Sevick was also asked on direct examination whether Claimant's work activities caused Claimant to have the hip surgery. After acknowledging his lack of information concerning Claimant's work activities from 1982 to 1990, Dr. Sevick was shown Claimant's testimony outlining these job duties. Dr. Sevick then over objection responded that he did not think that the duties necessitated the hip replacement surgery. On cross-examination Dr. Sevick indicated that the initial fracture, the passage of time and the type of activity Claimant was engaging in would have aggravated the bone destruction ultimately requiring the hip surgery.

The referee found that Dr. Sevick's opinion was the basis for U.S. Silica's and State Fund's position when they contested the claim petition; thus, the referee concluded that a reasonable basis existed for the contest. We agree. U.S. Silica's and State

Fund's reliance on Dr. Sevick's opinion provides a reasonable basis for the contest and the referee's conclusion that the contest was reasonable is, therefore, affirmed.

Additionally, Claimant cites *Morgan Corp. v. Workmen's Compensation Appeal Board (Strock)*, 139 Pa.Commonwealth Ct. 520, 590 A.2d 1375 (1991), for the proposition that, where the litigated issue focuses on which of two insurers is responsible for a claimant's compensation and neither insurer contends that the disability is unrelated to work, counsel fees will be assessed against the losing insurance carrier. This proposition is based on the failure of an employer to establish a reasonable basis for contesting claimant's petition, because the controversy is between parties on the same side, not a controversy between an employer or its insurance carrier and a claimant.

The *Morgan* case involved an employer's and its insurer's denial of allegations in a claimant's petition to set aside a final receipt. The employer and insurer joined another insurer as an additional defendant contending that it was the responsible insurer. The referee issued an interlocutory order, granting the petition to set aside the final receipt. The order directed both insurers to pay to the claimant compensation with interest, medical bills and to pay attorney fees directly to the claimant's attorney out of claimant's share of the award. Each insurer was ordered to make one-half of these payments. The referee's final order held that the employer and initial insurer were the liable parties responsible for payment of compensation plus interest, litigation expenses and attorney's fees. Both the Board and this court affirmed.

At first glance, the *Morgan* case appears to be similar to the situation before us. However, numerous differences can readily be cited. First, in *Morgan*, the employer and its insurer joined the second insurance company as an additional defendant;[3] here, Claimant filed petitions against both employers, Pa Glass and U.S. Silica, and their re-

spective insurance carriers. Neither employer could be expected not to respond to a suit filed against it, nor did one insurer bring in the other as an additional defendant.

Secondly, in *Morgan*, the interlocutory order placed the responsibility on both insurers until the question of liability was decided as between the two insurers. No question existed as to which employer was liable, because only one employer was involved. Here, in essence, there are two employers, each represented by a different insurance carrier. No interlocutory order was issued, granting or dismissing either of Claimant's petitions and thereby narrowing the issue to simply which insurer was liable.

Although, as in *Morgan*, the question here rested on a determination of whether Claimant suffered an aggravation or a recurrence, each employer's defense rested on more than just an allegation that the other is the responsible party. Pa Glass, in responding to the Claimant's petition to set aside the final receipt, contended that at the time of the hip surgery its insurer had accepted responsibility to pay medical expenses pursuant to *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed as having been improvidently granted*, 518 Pa. 59, 540 A.2d 267 (1988), but that it contested Claimant's request for compensation because more than three years had passed since the final receipt had been signed. *See* Section 434 of the Act, 77 P.S. § 1001. Meanwhile, U.S. Silica defended against Claimant's claim petition that alleged a new injury on the basis that its medical expert opined that Claimant's injury stemmed from the initial fracture and, therefore, was a recurrence of the old injury.

Thus, because U.S. Silica's and State Fund's reliance on its medical expert's opinion provides a basis for a conclusion that a reasonable contest existed, and the facts in this case present more than a contest between State Fund and Cigna, U.S. Silica has

---

**3.** In *Morgan* the second insurer, joined as an additional defendant, was the employer's carrier during the period of time when the claimant returned to work in a light duty capacity. The opinion does not make clear whether the insur-

ance carrier who appealed the board's decision along with the employer was the insurer at the time of the initial injury or was the carrier at the time the claimant filed his petition to set aside the final receipt.

met its burden of proof that a reasonable contest existed. Accordingly, we affirm the referee's denial of counsel fees.[4]

■ Claimant further argues that he is entitled to an award of partial disability benefits based on his allegation that, when he returned to work, his wages were slightly less than his average weekly wages. The referee found that Claimant returned to work with no loss of earnings as of April 8, 1991. The Board affirmed, explaining that Claimant's regular straight time earnings are close to his average weekly wage and that, since overtime has been reduced to practically nothing, Claimant has no loss of earnings. Our review of the record shows that this statement by the Board and the referee's finding are based on Claimant's own testimony and a stipulation entered into by the parties that Claimant's average weekly wage calculated as of August 31, 1990 was $455.62. Thus, substantial evidence exists in the record to support the finding that Claimant had no loss of earnings. A suspension under these circumstances was proper.

Accordingly, we affirm the Board's order in all respects, except as to its denial of attorney's fees concerning the subrogation award. The portion of the Board's decision denying Claimant's attorney's request for attorney's fees from Cigna for assistance in securing the subrogation award is reversed.

### ORDER

NOW, February 13, 1995, the order of the Workmen's Compensation Appeal Board, dated April 22, 1994, at A93–0916, is affirmed in all respects except as to its denial of attorney's fees concerning the subrogation award. A proportionate twenty percent share of the subrogation amount is to be paid to Claimant's attorney by INA/CIGNA.

---

**4.** Having affirmed the decision by the referee and the Board, denying the award of counsel fees, the issue raised concerning the necessity of a remand need not be addressed.