**VENEZIA TRUCKING, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INSERVCO INSURANCE SERVICES), Respondent.**

**Wilbert MORGAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INSERVCO INSURANCE SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.

Decided June 4, 1997.

Joseph J. Baldassari, Norristown, for petitioner, Venezia Trucking.

Roberta L. Binder, Blue Bell, for petitioner, Wilbert Morgan.

Peter W. Dicce, Media, for respondent.

Before FRIEDMAN and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

1. At the time of Claimant's injury, Venezia was insured by Westmoreland Casualty, which is now insolvent. The Workers' Compensation Security Fund is Westmoreland's successor in interest, and Inservco Insurance Services, the Respondent herein, is the Fund's third-party administrator.

JIULIANTE, Senior Judge.

Petitioners Wilbert Morgan and Venezia Trucking petition for review of a November 7, 1996 order of the Workers' Compensation Appeal Board (WCAB) reversing a decision of a Workers' Compensation Judge (WCJ) granting Morgan's claim petition and Venezia's subrogation petition. Based upon the following, we vacate the Board's decision and remand both matters for further proceedings before a WCJ.

Claimant Wilbert Morgan is an Illinois resident who was previously employed by Venezia. On February 25, 1987, he sustained a work-related injury in Pennsylvania. His claim for workers' compensation benefits was denied by Venezia's carrier,[1] so he filed a claim in Illinois. The Illinois Industrial Commission ultimately concluded that Claimant had sustained a work-related injury and had proved his disability. Venezia's insurance carrier denied coverage, and Venezia paid Claimant's benefits out of its general funds.

During the pendency of the Illinois proceeding, Claimant pursued a workers' compensation claim in Pennsylvania. Venezia also filed a claim petition in Pennsylvania as "subrogee for Wilbert Morgan," against Inservco to recoup the funds it had paid to Claimant pursuant to the Illinois decision. The WCJ dismissed both petitions after neither Claimant nor Venezia appeared for a December 26, 1989 hearing, and both appealed, arguing that they had not received notice of the hearing. The WCAB remanded the case, with the condition that both Claimant and Venezia provide an adequate excuse to the WCJ for their failure to attend the final hearing in the initial proceeding. The new WCJ concluded that adequate excuse had been shown, that Venezia could pursue a subrogation claim under Section 319 of the Workers' Compensation Act (Act),[2] and that the Full Faith and Credit Clause enabled the

2. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 671.

WCJ to accept the Illinois Industrial Commission's finding of disability without further testimony.

On March 9, 1994, the WCJ issued a decision granting Claimant's petition and awarding benefits, and granting Venezia's claim for subrogation. Inservco appealed, and the WCAB reversed the WCJ's decision, concluding that neither Claimant nor Venezia presented adequate testimony regarding their failure to appear at the 1989 hearing, and that neither presented sufficient evidence to support their respective petitions. Both Claimant and Venezia appealed the dismissal of their petitions to this Court, and the matters were consolidated for disposition.

■ Petitioners raise the following issues for our review:[3] 1) whether the Full Faith and Credit Clause of the United States Constitution requires the Pennsylvania workers' compensation system to acknowledge and accept the Illinois decision; 2) whether Section 319 of the Act provides for Venezia's subrogation claim; and 3) whether evidence concerning Petitioners' failure to appear for the 1989 hearing was necessary.[4] We conclude that the WCJ should not have relied on the Full Faith and Credit Clause to establish either Claimant's entitlement to benefits under Pennsylvania law, or Venezia's right to subrogation, and so remand the cases on that basis.

### Full Faith and Credit

■ Article IV, § 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." This clause serves the function of avoiding relitigation in other states of adjudicated issues. *Belote v. State Harness Racing Commission,* 688 A.2d

264 (Pa.Cmwlth.1997) (citing *Sutton v. Leib,* 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448 (1952)). The Federal implementing legislation for the Full Faith and Credit Clause provides that the records and judicial proceedings of any court of any state "shall have the same full faith and credit in every court with the United States." 28 U.S.C. § 1738.

With regard to the full faith and credit issue, the WCJ concluded as follows:

> Claimant's entitlement to Workmen's Compensation Benefits, as decided by the Illinois Industrial Commission, should be accepted by this Judge because of the full faith and credit to be afforded to the Illinois award.

(Conclusion Law No. 11.) Based upon this determination, the WCJ concluded that Claimant was entitled to receive total disability benefits under the Pennsylvania Act, and that Venezia was entitled to subrogation—without the presentation of any factual or medical evidence to prove either claim. The WCAB reversed this decision, concluding that neither Claimant nor Venezia had met their respective burdens of proof.

■ Petitioners argue, with regard to the claim petition, that pursuant to the Full Faith and Credit Clause it was not necessary for evidence to be presented in Pennsylvania regarding Claimant's injuries because the issue of disability had already been litigated in Illinois and the arbitrator there had concluded that Claimant had sustained a compensable injury. We agree with Respondent, however, that the Full Faith and Credit Clause does not allow Petitioners to rely on the Illinois findings of fact and conclusions of law to prove their claims. Claimant's disability, and Respondent's liability under *Pennsylvania* law, was not addressed in the Illinois proceeding and has never been adjudicated.

---

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro),* 132 Pa. Cmwlth. 288, 572 A.2d 843 (1990).

4. We also disagree with the WCAB's conclusion that neither Claimant nor Venezia presented adequate testimony regarding their failure to appear

at the December 26, 1989 hearing. The WCJ, complying with the WCAB's order remanding the case, specifically found as follows:

> The Judge finds that Claimant and Venezia Trucking had adequate excuse for their failure to appear at the December 26, 1989 hearing. (Finding of Fact No. 15.) This finding is supported by substantial evidence, and is based upon the WCJ's credibility determination that counsel did not receive notice of the hearing.

As the United States Supreme Court has recognized, the Full Faith and Credit Clause does not require a state to subordinate its own compensation policies to those of another state. *Thomas v. Washington Gas and Light,* 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980).

Regardless, the WCAB reversed the WCJ's decision because it concluded that Petitioners had not met their burdens of proof. Our review of the record satisfies us that Petitioners could not have met their evidentiary burdens because the WCJ did not afford them the opportunity of doing so. The WCJ made an initial determination, as a matter of law, that the Illinois decision was entitled to full faith and credit, and that Venezia could pursue its subrogation claim.[5] Because we conclude that the WCJ erred in his decision to give full faith and credit to the Illinois decision, we conclude that the case should be remanded so that Claimant can have the opportunity to prove his entitlement to benefits under Pennsylvania law, and Venezia, as set forth below, can establish its right to subrogation.

### *Subrogation*

This Court has recognized that subrogation, permitted under Section 319 of the Act, 77 P.S. § 671, is based on the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. *Lamberson v. Workmen's Compensation Appeal Board (U.S. Silica),* 654 A.2d 668 (Pa.Cmwlth.1995). In this case, Venezia claims to be entitled to subrogation for the benefits it has paid pursuant to the Illinois decision, under the second paragraph of Section 319, which provides:

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the pay-

ments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

The WCJ, in the decision on remand, concluded that Venezia is entitled to subrogation for the compensation payments made, under Section 319. The WCAB reversed this decision and dismissed Venezia's claim, concluding that it had presented no evidence or testimony to support its petition.

■ Relying on our decision in *Lamberson,* Petitioners argue that Venezia satisfies the requirements of Section 319 and is entitled to be subrogated. In *Lamberson,* we concluded that even though Section 319 usually applies where an employer or insurance company has made payments for either disability or medical expenses under some non-workmen's compensation program, with a subsequent determination that the payments were compensable under the Act, payments made by a workmen's compensation carrier, under a workmen's compensation claim, were also subject to subrogation under the second paragraph of Section 319. We agree with Petitioners that Venezia is entitled to pursue a claim for subrogation under this provision. Applying the plain language of Section 319, Claimant has received benefits, paid by Venezia, his employer, based on a determination of disability in Illinois, and not under the Pennsylvania Act. If there is an agreement or award on the compensability of Claimant's injuries in Pennsylvania, Venezia would be entitled to subrogation.

Although Venezia is entitled to pursue the claim for subrogation, its right to subrogation has not yet been established. As with Claimant's claim petition, Venezia did not have the opportunity to establish its claim before the WCJ, because the WCJ erroneously afforded full faith and credit to the Illinois decision to prove the claims. On remand, Venezia must establish its right to subrogation, which will depend upon Claimant proving the underlying entitlement to benefits under the Pennsylvania Act.

---

5. This determination was apparently made during a telephone conference call between the WCJ and counsel, and confirmed on the record at a later hearing. (*See* N.T. from 11/2/93 at 3–4; R.R. at 65c–66c.)

In conclusion, we vacate the WCAB's order dismissing Claimant's claim petition and Venezia's subrogation petition and remand both matters to the WCAB for remand to a WCJ for further proceedings consistent with this opinion.

## ORDER

AND NOW, this 4th day of June 1997, the order of the Workers' Compensation Appeal Board dated November 7, 1996 is vacated and this matter is remanded to the Board for further remand to a Workers' Compensation Judge.

Jurisdiction relinquished.