**Venezia HAULING, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INSERVCO INSURANCE SERVICES and Morgan), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 2002.

Decided Oct. 23, 2002.

Peter W. Baker, Philadelphia, for petitioner.

Bereth K. Graeff, Media, for respondent.

BEFORE: LEADBETTER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The present appeal raises the issue of whether the employer's workers' compensation carrier must pay interest on the amount it reimburses employer for wage loss benefits that the employer paid out of its own funds prior to the grant of its employee's claim petition. Because we conclude that employer is entitled to the interest, we reverse in part the order of the Workers' Compensation Appeal Board (Board).

This case, which has reached this court on appeal once before, has quite an extensive history. We will contain our recitation of the facts to those pertinent to the issue here raised.[1] Claimant Wilbert Morgan sustained a work-related injury in Pennsylvania in 1987 while working for Venezia Trucking. At the time of the injury, Morgan lived in Illinois. Morgan originally sought workers' compensation benefits through Venezia's Pennsylvania workers' compensation carrier, but the claim was denied. As a result, Morgan filed a claim in Illinois. The Illinois Industrial Commission found that Morgan sustained a work-related injury and awarded benefits. When Venezia's Illinois workers' compensation carrier subsequently denied coverage, Venezia paid Morgan's compensation and medical benefits out of its own funds.

While Morgan's Illinois claim was pending, Morgan filed a workers' compensation claim in Pennsylvania. Venezia also filed a claim petition in Pennsylvania against Inservco Insurance Services[2] as the "subrogee for Wilbert Morgan," seeking, pursuant to Section 319 of the Workers' Compensation Act (Act),[3] 77 P.S. § 671, to recover the monies it paid to Morgan following the decision of the Illinois Industrial Commission. For reasons not relevant here, both petitions were initially dismissed by the Workers' Compensation Judge (WCJ) and the Workers' Compensation Appeal Board affirmed. On appeal to this court, we vacated the Board's order and remanded so that both parties could present evidence in support of their petitions. In doing so, we also concluded that if Morgan's claim was granted, Venezia was entitled under Section 319 to subrogation for the benefits it paid pursuant to the Illinois decision. *Venezia Trucking v. Workers' Comp. Appeal Bd. (Inservco Ins. Servs.)*, 694 A.2d

---

1. A complete history is set forth in our earlier opinion, *Venezia Trucking v. Workers' Compensation Appeal Board (Inservco Insurance Services)*, 694 A.2d 1172 (Pa.Cmwlth.1997).

2. When Venezia's Pennsylvania carrier became insolvent, the Workers' Compensation Security Fund became its successor in interest. Inservco Insurance Services is the Fund's third-party administrator.

3. Act of June 2, 1915, P.L. 736.

1172, 1175 (Pa.Cmwlth.1997). Section 319 provides in pertinent part:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the [WCJ] or the board.

77 P.S. § 671.

Following remand, the WCJ found that Morgan sustained a work-related injury in February 1987 and that he was disabled as result of that injury from March 4, 1987, through September 29, 1988.[4] The WCJ ordered Inservco to pay Morgan temporary total disability benefits at the rate of $316.05 per week during the period of disability (which totaled approximately $26,000.00) as well as all medical expenses related to the injury. The WCJ also found that Venezia had paid Morgan $82,431.23 in benefits and ordered Inservco to reimburse Venezia for benefits it paid to Morgan up to the amount of benefits awarded to Morgan in the Pennsylvania proceedings. Finally, the WCJ ordered that all "deferred payments of compensation shall bear interest at the rate of [10%]." *Morgan v. Venezia Hauling*, WCJ's decision and order at 7 (April 28, 2000). Inservco appealed to the Board, contending that the WCJ erred in awarding interest on the unpaid benefits. The Board compared Venezia to an insurer that paid benefits

later determined to be the obligation of another insurer and concluded that Venezia was entitled to interest on the medical benefits provided to claimant. The Board concluded, however, that Venezia was not entitled to interest on the disability benefits paid to claimant. Venezia then filed the present appeal.

On appeal, Venezia argues that the Board erred in concluding that it was not entitled to statutory interest on the disability benefits it paid to Morgan. As Venezia correctly notes, Section 319 clearly entitles it to subrogate against the benefits paid by Inservco. Section 319 is silent, however, as to whether Venezia is entitled to interest on the subrogation award. Venezia contends that pursuant to Section 406.1(a) of the Act, 77 P.S. § 717–1(a)[5] is entitled to statutory interest on the amount of wage loss benefits reimbursed by Inservco. Relying on *Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, 148 Pa.Cmwlth. 164, 609 A.2d 915 (1992), and *Lamberson v. Workmen's Compensation Appeal Board (U.S.Silica)*, 654 A.2d 668 (Pa.Cmwlth. 1995), Venezia argues that as a subrogee, it steps into the shoes of the claimant and is entitled to both reimbursement for the benefits paid and interest thereon.

■ Section 406.1(a) of the Act, provides that:

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable.... *Interest shall accrue on all due and unpaid*

---

4. Prior to the WCJ's decision, Morgan died of causes unrelated to his work injury.

5. Added by the Act of February 8, 1972, P.L. 25.

*compensation at the rate of ten per centum per annum . . . .*

77 P.S. § 717.1(a) (emphasis added). In *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons),* 105 Pa.Cmwlth. 325, 524 A.2d 1016 (1987), we noted that the assessment of interest under Section 406.1 is intended to compensate "the claimant for the delay during which the employer or its insurer has use of the funds and the claimant does not." *Id.* at 1021. For purposes of assessing interest under Section 406.1, compensation includes both medical expenses and indemnity benefits. *Id.* at 1020. *See also Glinka v. Workmen's Compensation Appeal Bd. (Sears, Roebuck and Co.),* 75 Pa. Cmwlth. 504, 462 A.2d 909 (1983).

In *Good Shepherd,* this court addressed the issue of whether various divisions of Blue Cross/Blue Shield, the third-party insurers which paid the claimant's medical expenses incurred before the claim petition was filed, were entitled to interest under the Act. The employer complied with an order directing it to reimburse the third-party insurers; employer did not pay any interest on the medical expenses, however. Before this court, the employer argued that the third-party insurers were not entitled to interest because Section 319 makes no provision for interest, merely stating that an insurer shall be subrogated "to the *amount so paid.*" In contrast, the employer noted that Section 406.1 of the Act required an employer to pay interest to a claimant on compensation due which had not been promptly paid. Based on the explicit provision for interest in Section 406.1, the employer argued the omission of such language in Section 319 demonstrated a legislative intent that a subrogee was not entitled to interest. We disagreed with this argument, stating Section 406.1 of the Act states that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum." This language does not limit interest to compensation due directly to the claimant." *Id.* at 916. Accordingly, we affirmed the award of interest. *Accord Gattuso v. Workmen's Comp. Appeal Bd. (McKeesport Candy Co.),* 166 Pa.Cmwlth. 232, 646 A.2d 611 (1994).

Similarly, in *Lamberson,* the claimant was injured while working for Pa. Glass, which had workers' compensation coverage through Cigna. Cigna paid the claimant's workers' compensation benefits. After the claimant had executed a final receipt, the employer reorganized, changed its name to U.S. Silica and obtained workers' compensation coverage through State Workmen's Insurance Fund (State Fund). Shortly thereafter, the claimant began to experience symptoms in the area he had previously injured. Cigna originally paid the claimant's medical expenses incurred as a result of treatment necessitated by his new symptoms. Claimant then filed a claim petition and the WCJ concluded that the claimant had sustained a new injury and that State Fund was the carrier responsible for payment of claimant's benefits. Before this court, State Fund argued that since Cigna was a workers' compensation carrier rather than a health insurance company, it was not entitled to subrogation. We disagreed, stating:

> The fact that here Cigna was a workmen's compensation carrier is of no moment. Pa. Glass was the entity that was the source of the premium payments, not U.S. Silica, the liable defendant. Here Cigna stands in the shoes of any health insurance or automobile insurance carrier deemed not to be the responsible party. Because Cigna paid Claimant's medical expenses, it should be reimbursed, just as Blue Cross in *Gattuso* and in *Good Shepherd* was reimbursed. "The concept of subrogation is based on the 'right of one, who has

paid an obligation ... which another should have paid, to be indemnified by the other.'"

*Lamberson*, 654 A.2d at 673 (citations omitted). Based upon our earlier decisions in *Good Shepherd* and *Gattuso*, we also held that U.S. Silica and State Fund were liable to Cigna for the interest due on its subrogation lien. *Id.*

On the other hand, Inservco relies upon this court's decision in *Cedar Farms, Inc. v. Workmen's Compensation Appeal Board (Santiago)*, 665 A.2d 1326 (Pa. Cmwlth.1995), a case materially indistinguishable from *Lamberson*, in which this court reached the opposite conclusion. In *Cedar Farms*, there was a dispute as to which insurer was liable for the claimant's injury due to confusion over when the claimant was actually injured. American Mutual Insurance Company originally accepted liability through a notice of compensation payable but upon further investigation, filed a petition to review, averring that at the time the claimant was injured, the employer was insured through CNA. The claimant then filed a claim petition against his employer, naming both insurance companies. Thereafter, pursuant to Section 410 of the Act, 77 P.S. § 751, the WCJ entered an order directing that liability for the claimant's compensation be shared equally by the two insurers.[6] Following litigation, the WCJ granted the claimant's petition against CNA and dismissed the petition against American Mutual. The WCJ also set aside the notice of compensation payable issued by American Mutual and ordered CNA to reimburse American Mutual all compensation it had paid to the claimant prior to the filing of the claim petition and the entry of the Section 410 order. On appeal to this court, American Mutual argued that it was entitled to interest under Section 406.1 of the Act and, therefore, the WCJ erred in failing to include such interest in its award.

Like State Fund in *Lamberson*, CNA argued that unlike Section 406.1, Section 410 does not provide for interest as part of the award in favor of the carrier ultimately found not liable, which demonstrates a legislative intent that workers' compensation insurers are not entitled to interest as part of their award. Contrary to *Lamberson*, the *Cedar Farms* majority agreed with this argument, concluding that insurers are not entitled to receive interest on reimbursement of payments from other insurers. 665 A.2d at 1332.

While *Lamberson* and *Cedar Farms* are undeniably inconsistent, it is not necessary to resolve the conflict in order to decide this case. The critical difference between the analyses in those opinions is that the *Lamberson* panel treated the prevailing compensation carrier's right to reimbursement as a question of subrogation analogous to Section 319, while the *Cedar Farms* panel did not. By thus placing the carrier as subrogee in the shoes of the claimant, the *Lamberson* panel made Section 406.1 applicable. Because the *Cedar Farms* panel viewed the issue as simply a battle between co-defendants over which was liable to the claimant, only Section 410 and not Section 406.1, applied.

■ This difference in analysis is irrelevant to the case at hand, because Section

---

**6.** Section 410 provides in pertinent part:

Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier or two or more defendants or carriers, the [WCJ] to whom the claim in such case is presented shall forthwith order payments to be immediately made by the defen-dants or the carriers in said case. After the department's [WCJ] or the board on appeal, render a final decision, the payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

319 specifically provides that an employer[7] which has paid benefits from its own funds, like the health insurance carriers in *Good Shepherd* and *Gattuso,* "shall be subrogated." Thus, based upon the clear line of authority in the opinions of this court, that subrogation right carries with it the right to interest under Section 406.1.

■ Finally, there is no basis for the Board's unsupported conclusion that while interest is due on medical expenses, it is not due on disability benefits. As already noted, the term "compensation" for purposes of Section 406.1, includes both medical and disability benefits. Moreover, the subrogation rights provided under Section 319 apply to the "amount so paid" by employer for "the *disability or* medical expense resulting from [the] injury." (emphasis added).

Based upon the foregoing, we reverse the Board's order to the extent that it denied Venezia interest on the wage loss benefits it paid, and affirm in all other aspects.

### ORDER

AND NOW, this 23rd day of October, 2002, the order of the Workers' Compensation Appeal Board is REVERSED IN PART in accordance with the foregoing opinion. The order of the Board is MODIFIED to provide that Petitioner, Venezia Hauling, shall be paid in the amount of 10% per annum interest on all compensation payments made by Venezia, including both disability and medical benefits. The order of the Board is AFFIRMED in all other respects.

---

**7.** While the term "employer" generally is used to include both the employer and its workers' compensation carrier, this provision (the second paragraph of Section 319) deals with a circumstance in which their interests are adverse.