Jack CHICONELLA, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (CENTURY STEEL
ERECTORS, INC. and Common-
wealth of Pennsylvania Subsequent
Injury Fund), Respondents.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 2004.

Decided March 12, 2004.

Stephen J. O'Brien, Pittsburgh, for petitioner.

Martin C. Cunningham, Harrisburg, for respondent.

BEFORE: LEADBETTER, J., KELLEY, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Jack Chiconella (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying the Penalty Petition that he filed against the Department of Labor and Industry, Subsequent Injury Fund. We affirm.

Claimant sustained a work-related injury in 1968 that resulted in the amputation of his left arm below the elbow. On April 19, 1990, Claimant sustained an injury to his right wrist while working for Century Steel Erectors (Employer) and he received benefits for that injury pursuant to a Notice of Compensation Payable. Thereafter, Employer filed a Modification Petition alleging that Claimant lost the use of his right arm for all practical intents and purposes. Claimant also filed a Claim Petition alleging that he lost the use of his right hand as a result of the work-related injury. Employer then filed a Joinder Pe-

tition alleging that that Subsequent Injury Fund is liable for the payment of Claimant's disability benefits. A WCJ granted the Petitions and ordered that, upon the expiration of Employer's liability, the Subsequent Injury Fund was liable for the payment of Claimant's benefits. On appeal, the Board affirmed in part and reversed the WCJ's findings regarding the date of injury. Accordingly, the Board modified the WCJ's decision to include a date of specific loss of April 19, 1990 and further ordered the payment of benefits by the Subsequent Injury Fund after July 15, 1998.

On August 31, 2001, Claimant filed a Penalty Petition alleging that the Subsequent Injury fund refused to pay his benefits. The Subsequent Injury Fund filed an Answer denying the allegations in Claimant's Penalty Petition. By decision dated July 24, 2002, the WCJ stated that the Workers Compensation Act (Act)[1] only provides that "employers and insurers" can be penalized. Because the Subsequent Injury Fund is neither, the WCJ denied Claimant's Penalty Petition. Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[2]

■ The only issue before this Court is whether or not the Subsequent Injury Fund must pay penalties under the Section 435(d)(i) of the Act, which only provides for the imposition of penalties upon employers and insurers.

On appeal, Claimant argues that the Board interpreted the Act in a manner inconsistent with the intent of the General

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2606.

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

Assembly because, under the Board's interpretation, Claimant has no remedy under the Act for the Subsequent Injury Fund's failure to pay his benefits. In the alternative, Claimant argues that the Board erred in not finding that the Subsequent Injury Fund is or stands in the shoes of an "employer" or "insurer" when it pays benefits.

Section 306.2, which established the Subsequent Injury Fund, provides, in relevant part, that:

The sum of one hundred thousand dollars ($100,000) is hereby appropriated to the Department of Labor and Industry for the Subsequent Injury Fund by the Commonwealth for the 1971–1972 fiscal year and this fund shall be maintained at one hundred thousand dollars ($100,-000) *by assessing each insurer a proportion of the amount expended from the fund during the preceding year,* that the total compensation paid by such insurers during such year bore to the total compensation paid by all insurers that year . . .

77 P.S. § 517 (emphasis added). Additionally, Section 306.1 of the Act provides, in relevant part, that:

If an employe, who has incurred (through injury or otherwise) permanent partial disability, through the loss, or loss of use of, one hand, one arm, one foot, one leg or one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of, another hand, arm, foot, leg or eye, he shall be entitled to additional compensation as follows:

After the cessation of payments by the employer for the period of weeks prescribed in clause (c) of Section 306, for the subsequent injury, additional compensation shall be paid during the continuance of total disability, at the weekly compensation rate applicable for total disability. *This additional compensation shall be paid by the department out of the subsequent injury fund created pursuant to Section 306.*

77 P.S. § 516 (emphasis added).

Further, Section 435(d) of the Act provides that:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) *Employers* and *insurers* may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d) (emphasis added). Additionally, Section 401 of the Act provides that:

The terms **"insurer"** and **"carrier,"** when used in this article, shall mean the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this act, or the employer in cases of self-insurance.

77 P.S. § 701.

The Subsequent Injury Fund is a statutorily created governmental entity that performs the function of an insurer, i.e. the payment of benefits to an injured employee, after certain statutorily delineated conditions occur. Although the Subsequent Injury Fund does pay benefits to an injured employee like an insurer would, it is not an insurer within the meaning of the term "insurer" in the Act. Pursuant to

Section 435(d)(i) of the Act, only employers and insurers are subject to penalties for violations of the Act. Section 401 of the Act expands the definition of "insurer" to include a statutorily created entity, the State Workers' Insurance Fund, but does not mention the Subsequent Injury Fund. The maxim of *expressio unius est exclusio alterius* provides that where certain items are specifically included in a statute, items which have been omitted are understood to be excluded. *See Vitac Corp. v. Workers' Compensation Appeal Board (Rozanc)*, 817 A.2d 1205, 1213 (Pa.Cmwlth.2003). Because the Subsequent Injury Fund is not mentioned in this expanded definition of "insurer" we must conclude that the Legislature did not intend for the Subsequent Injury Fund to be treated like an insurer in proceedings under the Act. If there was any inadvertent omission by the Legislature in not including the Subsequent Injury Fund within the definition of the term "insurer", it is the exclusive province of the Legislature, not this Court, to correct the error. Therefore, the Board did not err in affirming the decision of the WCJ dismissing Claimant's Penalty Petition against the Subsequent Injury Fund.[3]

Accordingly, the order of the Board is affirmed.

Senior Judge KELLEY concurs in the result only.

### ORDER

AND NOW, March 12, 2004, the order of the Workers' Compensation Appeal Board docketed at A02–2245 and dated July 3, 2003 is hereby AFFIRMED.

---

**3.** Because we conclude that the Subsequent Injury Fund cannot be penalized for violations of the Act, we do not reach of the question of whether, in this case, the Subsequent Injury Fund violated the Act.