George LUVINE, Petitioner

v.

## WORKERS' COMPENSATION APPEAL BOARD (ERISCO INDUSTRIES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 2005.

Decided Aug. 23, 2005.

---

Kevin W. Barron, Erie, for petitioner.

Thomas D. Gladden, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

George Luvine (claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) reversing an award of penalties. We affirm.

The facts and procedural history of this case are as follows. Claimant filed a claim petition on February 18, 1997, alleging that he sustained injuries to his right hand while working at Erisco Industries (employer). The Workers' Compensation Judge (WCJ) denied claimant benefits and the Board affirmed. On October 3, 2001, this court declared employer's insurance carrier insolvent and placed it in statutory liquidation. The Pennsylvania Workers' Compensation Security Fund (Security Fund), pursuant to the Workers' Compensation Security Fund Act,[1] succeeded in interest to employer's insolvent insurance carrier and was substituted for the insurance carrier in all subsequent proceedings. On August 6, 2002, our court reversed the Board and granted claimant total disability benefits. On September 5, 2002, claimant filed a Penalty Petition alleging that thirty days had elapsed since the order awarding benefits, and employer, or its insurer, had failed to pay his benefits. Also on September 5, 2002, employer appealed to the Supreme Court of Pennsylvania and filed an application for supersedeas with this court. On September 25, 2002, this court denied employer's supersedeas request. On October 2, 2002, employer filed an application for supersedeas with the Supreme Court of Pennsylvania. On February 19, 2003, the Supreme Court denied employer's appeal and supersedeas request. On February 24, 2003, the Security Fund was notified of the Supreme Court's decision to deny supersedeas and immediately began paying benefits to claimant.

On May 28, 2004, the WCJ granted claimant's Penalty Petition. The WCJ found that the Security Fund violated the Pennsylvania Workers' Compensation Act (Act)[2] because it failed to pay benefits within thirty days after this court's August 6, 2002, order granting benefits to claimant. Pursuant to Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i),[3] the WCJ ordered that the Security Fund pay a ten percent penalty to claimant for the delay. The WCJ also determined that the Security Fund did not have a reasonable basis for

---

1. Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. §§ 1051–1066.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

3. Section 435(d)(i) provides, in relevant part, that "[e]mployers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays."

contesting the Penalty Petition and awarded claimant counsel fees.

On appeal, the Board reversed the decision of the WCJ. The Board relied on this court's decision in *Chiconella v. Workers' Compensation Appeal Board (Century Steel Erectors, Inc.)*, 845 A.2d 932, 935 (Pa.Cmwlth.2004), wherein we held that the Subsequent Injury Fund is not subject to penalties for violation of the Act because it is not an insurer within the meaning of the term "insurer" in the Act. We concluded that the term "insurer," as defined by Section 401 of the Act, 77 P.S. § 701,[4] includes only those entities expressly included—the State Workmen's Insurance Fund, other insurance carriers which insured an employer's liability under the Act, or the employer in cases of self-insurance. *Id.* at 934. Accordingly, the Board concluded that, like the Subsequent Injury Fund, the Security Fund is not expressly included within the definition of "insurer" in Section 401 of the Act, and, thus, cannot be penalized for failure to pay benefits. Claimant now appeals.[5]

On appeal, claimant argues that the Security Fund should be considered an insurer within the meaning of the term "insurer" in the Act, and, thus, subject to the Act's penalty provisions for failure to pay benefits within the statutorily prescribed period.[6] We reject claimant's argument.

The Security Fund, like the Subsequent Injury Fund, is a government entity that pays workers' compensation benefits to injured employees. Also like the Subsequent Injury Fund, the Security Fund is not mentioned in Section 401 of the Act. In *Chiconella*, this court concluded that, based on the maxim of *expressio unius est exclusio alterius*, the legislature's failure to expressly include the Subsequent Injury Fund as one of the types of entities that was considered an "insurer," and, thus, subject to the penalty provisions of the Act, meant that it was not an insurer and was not subject to penalties for violation of the Act. *Chiconella*, 845 A.2d at 935. We, like the Board, find the rationale of *Chiconella* controlling. Therefore, we hold that, because it is not expressly included in the definition of "insurer" in the Act, the Security Fund cannot be penalized for violations of the Act.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 23rd day of August, 2005, the order of Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

---

4. Section 401 provides: "[t]he terms 'insurer' and 'carrier,' when used in this article, shall mean the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this act, or the employer in cases of self-insurance." 77 P.S. § 701.

5. Based upon the issue presented, our appellate review over the Board's order is limited to determining whether the Board committed an error of law. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Crucible, Inc. v. Workers' Comp. Appeal Bd. (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth.1998).

6. Claimant also argues that additional counsel fees should be assessed against the Security Fund. However, because we hold that the Security Fund is not subject to penalties for failure to pay benefits, claimant's argument is moot.