**LEBANON VALLEY BRETHREN HOME and Workers' Compensation Security Fund, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FLAMMER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 1, 2008.
Decided March 11, 2008.
Ordered Published May 20, 2008.

Joseph C. Patterson, Harrisburg, for petitioners.

David R. Warner, Jr., Lebanon, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Lebanon Valley Brethren Home (Employer) and the Workers' Compensation Security Fund[1] (Security Fund) (collectively, Security Fund), petition for review of an adjudication of the Workers' Compensation Appeal Board (Board) holding the Security Fund liable for attorneys' fees. The Workers' Compensation Judge (WCJ) held that the Security Fund's contest was unreasonable because it failed to offer an explanation for its failure to pay certain outstanding medical and indemnity benefits owed to Larue Flammer (Claimant). However, the Security Fund did not contest its obligation to pay those benefits; rather, it contested Claimant's penalty petition. We will affirm the Board in part and reverse in part.

Claimant was employed as a nurse manager with Employer. On January 10, 1995, Claimant injured her back while attempting to catch a falling bag of bed pads. Employer issued a notice of temporary compensation payable that accepted liability for a "lumbar strain" and began paying Claimant workers' compensation disability and medical benefits. Reproduced Record at 52a (R.R. ——). Employer's workers' compensation insurance coverage was provided by Legion Insurance Company (Legion), which was found insolvent and placed into liquidation by this Court on July 25, 2003. As a result, the Security Fund became responsible for paying Legion's workers' compensation claims.

On June 6, 2005, Claimant filed a penalty petition, alleging that the Security Fund violated the Workers' Compensation Act (Act)[2] because it failed to pay her medical and indemnity benefits in a timely manner. Attached to Claimant's penalty petition was a list of outstanding invoices, including: $1,128.55 of medical expenses due to providers; $2,822.27 due to Claimant for medical expenses she incurred; and $728.46 due for delinquent indemnity benefits. The Security Fund asserted that it was not subject to the penalty provisions in the Act.

Hearings were held before WCJ Brian Eader.[3] Claimant testified that she has continued to experience symptoms since the date of her work injury. Claimant also testified that she continues to need medical treatment for her ongoing symptoms. Additionally, Claimant supplied supporting

1. The Security Fund is established under the Workers' Compensation Security Fund Act, Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. §§ 1051–1066.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

3. At the hearing before the WCJ, Claimant's counsel moved to amend the penalty petition, stating:

As part of that, we would I guess move to amend the original petition to add a petition for review of the medical expenses and the comp, to the extent they haven't been paid.

R.R. at 58a. In response to the motion to amend the penalty petition, the WCJ stated: It sounds good. In other words, you want everything that's due and owed and to get things on track; right?

R.R. at 59a. The WCJ granted Claimant's penalty petition, but he did not acknowledge Claimant's motion to amend the penalty petition. Accordingly, it is unclear whether the WCJ granted Claimant's motion to amend the penalty petition to include a petition to review the outstanding medical expenses.

documentation for the indemnity benefits and medical bills that remained outstanding.[4]

At the hearing, the Security Fund offered no defense to the non-payment of the delinquent medical bills or indemnity benefits. Counsel for the Security Fund stated that it was in the process of paying the outstanding medical bills and indemnity payments it had acquired from Legion. Although it did not contest liability for the payment of those outstanding benefits, it did contest its liability for penalties.

On January 30, 2006, WCJ Eader issued a decision granting Claimant's penalty petition. The WCJ found that the Security Fund failed to offer an explanation for its failure to pay the outstanding disability and medical benefits in a timely manner. The WCJ held the Security Fund liable for those benefits. He also awarded penalties and attorneys' fees for an unreasonable contest. The Security Fund appealed to the Board.

The Board affirmed in part and reversed in part. The Board affirmed the decision of the WCJ that the Security Fund was liable for the outstanding medical and indemnity benefits. The Board reversed the WCJ's award of penalties, noting this Court has held that the Security Fund is not an insurer subject to the penalties provided in the Act. However, the Board affirmed the WCJ's award of attorneys' fees for unreasonable contest. The Security Fund now petitions for review.[5]

The Security Fund raises one issue for this Court's review: whether the Board erred in affirming the WCJ's award of attorneys' fees. The Security Fund argues that it is not an insurer for purposes of the Act and, therefore, cannot be assessed attorneys' fees for an unreasonable contest. The Security Fund further argues that its contest of the penalty petition was reasonable because the Security Fund is not subject to penalties under the Act.[6] For the reasons that follow, we agree.

 We begin with a review of an award of attorneys' fees for an unreasonable contest. Under the Act, a claimant who prevails in whole or in part is entitled to recover reasonable attorneys' fees from the insurer unless the insurer satisfies its burden to establish that there was a reasonable basis for contesting liability.[7]

4. After the initial hearing, all of the expenses sought by Claimant were paid by the Security Fund, except the following: three medical bills totaling $586.10, and one indemnity benefit for April 2003, in the amount of $728.46.

5. This Court's review of an order of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 894 A.2d 861, 863 n. 3 (Pa.Cmwlth.2006).

6. Additionally, the Security Fund argues that Claimant failed to produce credible evidence that the medical bills at issue were submitted on the appropriate forms with the appropriate reports. However, the Security Fund failed to raise this issue before the WCJ and it is therefore waived. *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa. Cmwlth.2003) ("[i]t is well established that an issue is waived unless it is preserved at every stage of the proceeding ... [t]he strict doctrine of waiver applies to a workers' compensation proceeding.").

7. Section 440(a) of the Act, added by the Act of February 8, 1972, P.L. 25, provides in relevant part:

In any contested case where the *insurer* has contested liability in whole or in part ... the employee ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed

*Bates v. Workers' Compensation Appeal Board (Titan Construction Staffing, LLC)*, 878 A.2d 160, 163 (Pa.Cmwlth.2005) (citation omitted). A contest is reasonable when it is undertaken to resolve a genuinely disputed issue, rather than to harass the claimant. *Id.* In order to determine whether an insurer's contest is reasonable, this Court must look at the totality of the circumstances, "since the reasonableness of the contest may not necessarily depend on a conflict in the evidence *per se.*" *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 141 Pa.Cmwlth.398, 595 A.2d, 761, 764 (1991). The question of whether a contest is reasonable is a question of law fully reviewable by this Court. *Schachter v. Workers' Compensation Appeal Board (SPS Technologies)*, 910 A.2d 742, 746 (Pa.Cmwlth. 2006).

The Security Fund argues that it is not subject to the imposition of attorneys' fees under this Court's holding in *Luvine v. Workers' Compensation Appeal Board (Erisco Industries)*, 881 A.2d 72 (Pa.

Cmwlth.2005). In *Luvine*, the claimant sought to hold the Security Fund liable for penalties for its failure to timely pay workers' compensation benefits, in violation of the Act. This Court held that the Security Fund cannot be penalized for violations of the Act.[8] In so holding, this Court relied on *Chiconella v. Workers' Compensation Appeal Board (Century Steel Erectors, Inc.)*, 845 A.2d 932 (Pa.Cmwlth.2004), wherein we held that the Subsequent Injury Fund was not subject to penalties under Section 435(d)(i) of the Act [9] because it was not specifically included in the definition of the term "insurer" in Section 401 of the Act.[10] Because the Security Fund, like the Subsequent Injury Fund, is a statutorily-created entity that pays workers' compensation benefits, but is not mentioned in Section 401 of the Act, we held in *Luvine* that the legislature did not intend to include the Security Fund within the meaning of "insurer." Therefore, the Security Fund could not be penalized for violations of the Act.[11]

---

lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the *employer or the insurer.*
77 P.S. § 996(a) (emphasis added).

8. Claimant argued that attorneys' fees for an unreasonable contest should be imposed against the Security Fund, but this Court did not address that issue. Because the penalty petition was not decided in the claimant's favor, the claimant's request for unreasonable contest attorneys' fees was held to be moot.

9. Section 435(d)(i) of the Act, added by the Act of February 8, 1972, P.L. 25, provides, in relevant part:

Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to

the same persons to whom the compensation is payable.
77 P.S. § 991(d)(i).

10. Section 401 provides, in relevant part:

The terms "insurer" and "carrier" when used in this article, shall mean the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this act, or the employer in cases of self-insurance.
77 P.S. § 701.

11. The analysis and holding in *Luvine* was applied and affirmed in this Court's *en banc* decision in *Constructo Temps, Inc. v. Workers' Compensation Appeal Board (Tennant)*, 907 A.2d 52 (Pa.Cmwlth.2006), *appeal granted*, 593 Pa. 357, 930 A.2d 1250 (2007). In its brief, Claimant "urges this Court" to stay its decision in this matter until the Pennsylvania Supreme Court's resolution of *Constructo*. Inclusion of an ancillary request in a party's brief is improper. Such a request should be made by motion. Claimant has not filed a

*Luvine* addresses penalties, not attorneys' fees, but its logic applies with equal force in the case of attorneys' fees. The Security Fund is not an "insurer" as the term is defined in the Act. *Luvine,* 881 A.2d at 74. Accordingly, the Security Fund is not an "insurer" with respect to Section 440(a) of the Act and cannot be assessed attorneys' fees. The Board erred in ordering the Security Fund to pay Claimant's attorneys' fees.

In any case, we also agree that an award of attorneys' fees was improper because the Security Fund's contest of the penalty petition was reasonable. The WCJ awarded Claimant attorneys' fees because the Security Fund offered no explanation for its failure to pay Claimant's outstanding medical bills and indemnity benefits. Indeed, the Security Fund's counsel stated that it was in the process of paying the delinquent medical bills and indemnity benefits. However, the Security Fund contested the imposition of penalties, which was the sole object of Claimant's petition when it was filed.

Under Section 440(a) of the Act, attorneys' fees should be awarded to the party "in whose favor the matter at issue has been finally determined in whole or in part," unless the WCJ excludes the fees because the contest was reasonable. 77 P.S. § 996(a). Claimant initiated the workers' compensation proceedings through a penalty petition pursuant to Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i). In opposition, the Security Fund contested liability, and it ultimately prevailed in its contest of the penalty petition.[12] The Security Fund's contest of Claimant's penalty petition was not only reasonable, it was successful. There is no basis, therefore, for an award of attorneys' fees.

Based on the foregoing, we affirm the Board's determination that the Security Fund is liable for the delinquent medical bills and indemnity benefits. We further affirm the Board's determination that the Security Fund is not liable for penalties. However, we reverse the Board's determination that the Security Fund is liable for attorneys' fees under Section 440(a) of the Act, 77 P.S. § 996(a).

### ORDER

AND NOW, this 11th day of March, 2008, the order of the Workers' Compensation Appeal Board, dated September 27, 2007, in the above-captioned matter is hereby AFFIRMED in part and REVERSED in part in accordance with the attached opinion.

formal motion to stay the matter and, therefore, we will not address this issue.

12. It is not clear that the WCJ granted Claimant's motion to amend the penalty petition to add a petition for review of benefits. *See* n. 3, *supra.*