IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall E. Parrish,                              :
                              Petitioner         :
                                                 :
                    v.                           :      No. 443 C.D. 2024
                                                 :      Submitted:  August 8, 2025
Yeager Supply, Inc. (Workers'                    :
Compensation Appeal Board),                      :
                              Respondent         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION BY
PRESIDENT JUDGE COHN JUBELIRER              FILED:  February 5, 2026


        In an August 9, 2023 Decision and Order, a Workers' Compensation Judge
(WCJ) granted Randall E. Parrish's (Claimant) Petition for Review of Utilization
Review Determination (UR Petition) and ordered Yeager Supply, Inc. (Employer)
to pay the attorney's fees of Claimant pursuant to *Lorino v. Workers' Compensation
Appeal Board (Commonwealth of Pennsylvania)*, 266 A.3d 487 (Pa. 2021).
The Workers' Compensation Security Fund (Security Fund) appealed the Decision
and Order, challenging only the award of attorney's fees.[1]  By Order dated
March 20, 2024, the Workers' Compensation Appeal Board (Board) vacated the
award of attorney's fees but otherwise affirmed the Decision and Order.  The Board

---

[1] The Security Fund is established pursuant to the Workers' Compensation Security Fund
Act, Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. §§ 1051-1066.  On some of the relevant
record documents, Inservco Insurance Services is listed as Employer's insurer, which is the third-
party administrator of the Security Fund.  *See Hauling v. Workers' Comp. Appeal Bd. (Inservco
Ins. Servs. & Morgan)*, 809 A.2d 459, 460 n.2 (Pa. Cmwlth. 2002).

reasoned that an award of attorney's fees under Section 440(a) of the Workers' Compensation Act (Act)[2] cannot be assessed against the Security Fund. Claimant now petitions for review of the Order, arguing the Board erred because attorney's fees are a subset of litigation costs, which the Security Fund must repay, and the WCJ is authorized under *Lorino* to award attorney's fees against the Security Fund when, as here, the WCJ finds that the employer's contest of liability is reasonable. After review, the Court affirms the Order because irrespective of whether attorney's fees are a subset of litigation costs, the WCJ is not authorized to assess an award of attorney's fees against the Security Fund under Section 440(a) of the Act, regardless of the reasonableness of the employer's contest.

Claimant suffered a work-related injury in August 1998. Ten years later, Claimant and Employer reached a Compromise and Release Agreement, in which Employer agreed to pay for all reasonable and necessary medical treatment concerning Claimant's injury. Subsequently, Employer requested review of the reasonableness and necessity of chiropractic treatment provided to Claimant for his injury by Megan Weston, D.C., from January 7, 2020, and onward. In August 2022, at the request of a Utilization Review Organization, Jane L. McBride, D.C., reviewed the chiropractic treatment and concluded that the treatment is in part reasonable and necessary.[3] Claimant thereafter filed the UR Petition in September 2022, requesting

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996(a). Section 440 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

[3] Specifically, Dr. McBride concluded as follows. The chiropractic treatment is reasonable and necessary in its entirety from January 7, 2022, to July 6, 2022, and, if not provided more than one-to-four times per month, from July 6, 2022, to December 31, 2022. If provided more than four times per month, however, the treatment is not reasonable and necessary from July 6, 2022, to December 31, 2022. Additionally, the treatment is not reasonable and necessary after December 31, 2022. Finally, Dr. Weston's reexaminations of Claimant from January 7, 2022, and onward are not reasonable and necessary.

that a WCJ review Dr. McBride's decision and determine whether the entirety of the contested chiropractic treatment is reasonable and necessary for Claimant's injury.

The WCJ held hearings on the UR Petition in October 2022 and January 2023. Relevantly, at the first hearing, the Security Fund explained that it is the entity involved in this matter and asserted that because it is not an insurer as defined by the Act, it is not subject to an assessment of attorney's fees awarded pursuant to *Lorino*. At the second hearing, Claimant testified as to the merits underlying the UR Petition.

The WCJ subsequently granted the UR Petition, finding the entirety of the chiropractic treatment reasonable and necessary for Claimant's injury. The WCJ explained that although Employer reasonably contested the treatment, Employer did not sustain its burden of proof to succeed in its contest because it did not "present credible, persuasive medical evidence that the treatment provided by Dr. Weston to Claimant beginning on [January 7, 2020,] and ongoing was neither reasonable nor necessary." (WCJ Conclusions of Law ¶¶ 2-3.) The WCJ further concluded that despite Employer's reasonable contest, an award of attorney's fees to Claimant was appropriate and in keeping with the Act's humanitarian and remedial purpose. (*Id.* ¶ 4.) Therefore, in addition to $502.95 in litigation costs, the WCJ ordered Employer to pay Claimant's counsel $2,161.50 in attorney's fees pursuant to *Lorino*.

The Security Fund timely appealed the Decision and Order to the Board, arguing the WCJ erred in awarding attorney's fees because such fees cannot be assessed against the Security Fund under the Act. Upon review, the Board agreed. Citing *Lebanon Valley Brethren Home v. Workers' Compensation Appeal Board (Flammer)*, 948 A.2d 185 (Pa. Cmwlth. 2008), the Board reasoned that "the Security Fund cannot be penalized for violations of the Act or be assessed counsel fees under Section 440(a)" because the Security Fund is not an "insurer" under the Act.

3

(Board's Opinion at 2-3.) Accordingly, the Board vacated the award of attorney's fees but otherwise affirmed the Decision and Order. Claimant now petitions for review of the Order to this Court.[4]

Before this Court, Claimant argues that the Board erred in vacating the award of attorney's fees because *Lorino* grants the WCJ "full discretion" to assess such fees against the Security Fund when the employer's contest is reasonable.[5] (Claimant's Brief (Br.) at 2.) Claimant further argues that the reliance upon *Flammer* by the Security Fund and the Board is misplaced because *Flammer* only established that the Security Fund is not subject to penalties or an award of attorney's fees based on an unreasonable contest. Because the WCJ found that Employer reasonably contested the chiropractic treatment, Claimant maintains that *Flammer* is distinguishable from this case and the WCJ correctly awarded attorney's fees against the Security Fund pursuant to *Lorino*. In any event, Claimant argues the Security Fund must pay the award of attorney's fees because such fees are a subset of litigation costs. We disagree.

In contested workers' compensation cases, litigation costs and attorney's fees are awarded against employers or insurers pursuant to Section 440(a) of the Act, which provides as follows:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the

---

[4] "This Court's review of an order of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed." *Flammer*, 948 A.2d at 187 n.5.

[5] On November 21, 2024, the Court precluded Employer from filing a brief and participating in oral argument, if scheduled, because it did not file a brief pursuant to the Court's October 4, 2024 Order.

matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a). Although in some circumstances "any perceived distinction between the two is superficial and immaterial," *Crocker v. Workers' Compensation Appeal Board (Georgia Pacific LLC)*, 225 A.3d 1201, 1211 (Pa. Cmwlth. 2020), litigation costs and attorney's fees are generally considered separate awards under Section 440(a) of the Act, *see Byfield v. Workers' Compensation Appeal Board (Philadelphia Housing Authority)*, 143 A.3d 1063, 1066 (Pa. Cmwlth. 2016) (explaining that "a prevailing claimant is entitled to recover litigation costs **and** an award of reasonable attorney's fees" pursuant to Section 440(a) of the Act (emphasis added)).[6] And regardless of any distinction between litigation costs and attorney's fees, an award of attorney's fees must comport with Section 440(a) of the Act.

In *Lorino*, the Supreme Court clarified the requirements for an award of attorney's fees under Section 440(a) of the Act upon a challenge to this Court's long-standing interpretation of that provision. The Supreme Court explained that this Court's interpretation of "Section 440 to mean that 'attorney['s] fees shall be awarded *unless* a reasonable basis for the employer's contest has been established'" was "contrary to its express language." *Lorino*, 266 A.3d at 489, 492 (emphasis in original) (citation omitted). Based on the plain language of Section 440(a), the Supreme Court explained that

> when a contested case is resolved in favor of an employee, a reasonable sum for attorney's fees *shall* be awarded to the claimant. Such an award

---

[6] Indeed, in the case at bar, the WCJ awarded separate litigation costs and attorney's fees.

5

is *mandatory*. Where, however, the employer has established a reasonable basis for the contest, an award of attorney's fees *may* be excluded. In other words, the WCJ is *permitted*, *but not required*, to exclude an award of attorney's fees.

*Id.* at 413 (emphasis in original). Accordingly, it is now settled that "when the employer has established a reasonable basis for its contest . . . , the language of Section 440 affords the WCJ *discretion* to refuse an award of attorney's fees," which are otherwise mandatory. *Id.* at 413-14 (emphasis in original).

Nonetheless, it is also settled that "the Security Fund is not an 'insurer' with respect to Section 440(a) of the Act and cannot be assessed attorney['s] fees." *Flammer*, 948 A.2d at 189. Section 440(a) of the Act only authorizes an award of attorney's fees against an employer or insurer as defined by Section 401 of the Act. *See* 77 P.S. §§ 701, 996(a). Relevantly, Section 401 of the Act defines "insurer" as "the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this [A]ct, or the employer in cases of self-insurance."[7] 77 P.S. § 701. As this Court explained in *Flammer*,

> [i]n *Luvine* [*v. Workers' Compensation Appeal Board (Erisco Industries)*, 881 A.2d 72 (Pa. Cmwlth. 2005)], the claimant sought to hold the Security Fund liable for penalties for its failure to timely pay workers' compensation benefits, in violation of the Act. This Court held that the Security Fund cannot be penalized for violations of the Act.[] In so holding, this Court relied on *Chiconella v. Workers' Compensation Appeal Board (Century Steel Erectors, Inc.)*, 845 A.2d 932 (Pa. Cmwlth. 2004), wherein we held that the Subsequent Injury Fund was not subject to penalties under Section 435(d)(i) of the Act[, 77 P.S. § 991(d)(i),[8]] because it was not specifically included in the definition of the term "insurer" in Section 401 of the Act[]. Because the Security Fund, like the Subsequent Injury Fund, is a statutorily-created entity that pays workers' compensation benefits, but is not mentioned

---

[7] By the Act of July 2, 1993, P.L. 190, the Workmen's Compensation Act was renamed the Workers' Compensation Act. *See* Section 1 of the Act, 77 P.S. § 1.

[8] Section 435 was added by Section 3 of the Act of February 8, 1972, P.L. 25.

in Section 401 of the Act, we held in *Luvine* that the legislature did not intend to include the Security Fund within the meaning of "insurer." Therefore, the Security Fund could not be penalized for violations of the Act.

*Flammer*, 948 A.2d at 188. Although *Luvine* concerned penalties under Section 435(d)(i) of the Act, the Court in *Flammer* reasoned that "its logic applies with equal force in the case of attorney['s] fees." *Id.* at 189. The Court thus concluded that it is error to assess an award of attorney's fees against the Security Fund under Section 440(a) of the Act. *Id.*

Here, based on the foregoing, we cannot conclude the Board erred in vacating the assessment of attorney's fees against the Security Fund. While the WCJ had discretion under Section 440(a) of the Act not to assess the otherwise mandatory award of attorney's fees because it found Employer's contest reasonable, *see Lorino*, 266 A.3d at 413-14, the WCJ had no authority to assess such an award against the Security Fund under Section 440(a), regardless of the reasonableness of Employer's contest, because Section 440(a) does not apply to the Security Fund as it is not an "insurer" under the Act, *see Flammer* 948 A.2d at 189; *see also* 77 P.S. § 701. Therefore, we affirm the Order of the Board.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall E. Parrish,             :
            Petitioner         :
            :
           v.              :    No. 443 C.D. 2024
            :
Yeager Supply, Inc. (Workers'     :
Compensation Appeal Board),      :
          Respondent     :

# **O R D E R**

**NOW**, February 5, 2026, the March 20, 2024 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge