609 A.2d 915

**GOOD SHEPHERD WORKSHOP and PMA Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CAFFREY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided May 21, 1992.

Shawn P. Kenney, for petitioners.

Carolyn Furst, for respondent.

Before SMITH, and KELLEY, JJ., and LEDERER, Senior Judge.

KELLEY, Judge.

Mary Caffrey (claimant) sustained a work-related injury on February 3, 1981, while working for Good Shepherd Workshop (employer). She filed a claim petition on January 29, 1984, and was eventually awarded workmen's compensation benefits. That award was ultimately affirmed by this court in *Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, 124 Pa.Commonwealth Ct. 262, 555 A.2d 1374 (1989).

This appeal concerns payments for medical expenses incurred before the claim petition was filed. These payments were originally made by third-party insurers,[1] and their right to subrogation was asserted by claimant's counsel during the

1. The payments were made under claimant's father's health insurance plan. The insurers that made payments are Blue Cross/Blue Shield of New Hampshire, Blue Cross/Blue Shield of Greater New York, Blue Cross/Blue Shield of Lehigh Valley, and Travelers Insurance Company.

original claim proceedings. The referee's decision, which was ultimately affirmed by our prior decision, instructed employer to reimburse those insurers. After this court filed its decision, employer (through its insurer, PMA Insurance Company) paid claimant for medical expenses incurred after the claim petition had been filed and paid the third-party insurers for the expenses paid by them before the claim petition was filed. Employer did not pay any interest for any of the medical expenses.

Claimant filed a new petition alleging that employer had violated The Pennsylvania Workmen's Compensation Act (Act)[2] by failing to pay the interest. A referee ordered employer to pay interest on the payments to claimant and to the third-party insurers, plus a 10% penalty. On appeal, the Workmen's Compensation Appeal Board affirmed the interest award but reversed the penalty award. Employer has filed the present appeal.

The sole issue presented to this court on appeal is whether the third-party insurers are entitled to interest.

Employer argues that the third-party insurers are not entitled to interest on the subrogation payments. This argument is based on section 319 of the Act[3] which states that a third-party insurer which makes payments to a claimant for medical expenses resulting from a work-related injury shall be subrogated "to the amount so paid" if the claimant subsequently obtains a workmen's compensation award.[4] Employer argues that, because section 319 does not explicitly provide for

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

3. 77 P.S. § 671.

4. The second paragraph of § 319 reads as follows:

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

interest on the payments, the third-party insurer is not entitled to interest under the literal language of the section.

Employer cites *Warner Lambert Co. v. Workmen's Compensation Appeal Board (Brown)*, 133 Pa.Commonwealth Ct. 250, 575 A.2d 956 (1990), where the employer was asserting its subrogation rights to the proceeds of a settlement which the claimant had obtained in a third-party tort action. An employer's right to subrogation of a third-party tort recovery is also provided for in section 319. In *Warner Lambert*, a referee awarded interest to the employer on the portion of the settlement proceeds to which it was entitled. This court reversed the award of interest, stating that there is no authority in the Act for the assessment of interest in favor of an employer. Since that case also involved subrogation under section 319, employer argues that it is controlling.

Employer contrasts section 319 to section 406.1 of the Act [5] which specifically provides for interest to be paid by employers on compensation due which is not promptly paid. Employer cites case law which states that the purpose of the interest under section 406.1 is to put the claimant in the same position he would have been in if no contest had been made. *Klingler v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 335, 413 A.2d 432 (1980). Employer argues that this purpose would not be served by providing interest to third-party insurers and that such insurers are better equipped to handle financial outlays than are claimants.

The factor which distinguishes this case from *Warner Lambert* is the very language of the Act which employer cites in its favor. Section 406.1 of the Act states that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum." This language does not limit interest to compensation due directly to the claimant. Thus while there is no authority for the assessment of interest in favor of an employer, there is authority for assessing interest against an employer on unpaid compensation regardless of whether

5. Added by Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1.

such compensation is due directly to the claimant.[6]

We will therefore affirm the order awarding interest on the payments to the third-party insurers.

## ORDER

NOW, this 21st day of May, 1992, the order of the Workmen's Compensation Appeal Board, dated July 25, 1991, at No. A90–1316, is affirmed.

---

**6.** We have previously held that an award of interest on medical expenses is proper under § 406.1. *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.),* 75 Pa.Commonwealth Ct. 504, 462 A.2d 909 (1983).