646 A.2d 611

Steven GATTUSO, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(McKEESPORT CANDY CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 24, 1994.

Decided July 22, 1994.

Eric P. Betzner, for petitioner.

Edward D. Klym, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Steven Gattuso (Claimant) appeals the order of the Workmen's Compensation Appeal Board (Board) affirming a referee's refusal to compel McKeesport Candy Co. (Employer) to pay interest on a subrogation award made to Blue Cross of Western Pennsylvania (Blue Cross) and refusing to impose penalties for violation of the Pennsylvania Workmen's Compensation Act.[1]

Claimant suffered a myocardial infarction (heart attack) while at work on February 28, 1986. On April 16, 1986, he filed a claim for workmen's compensation benefits, contending that his heart attack was work-related. Employer denied the allegations of the claim. The matter proceeded to litigation and on December 15, 1988, the referee issued a decision awarding benefits to Claimant. In addition to the award of benefits, the referee ordered Employer to reimburse Blue Cross $10,102.00 for medical bills related to Claimant's work injury that the third-party insurer had paid while the matter was in litigation (subrogation award). The referee's order did not mention whether Employer was required to pay the

1. Act of June 2, 1915, P.L. No. 736, *as amended*, 77 P.S. §§ 1–1066.

statutorily prescribed rate of interest on the subrogation award.[2]

Employer appealed to the Board, which affirmed both the award of benefits and the subrogation award by order of April 10, 1991. The question of whether the Employer was required to supplement the subrogation award with interest was neither raised before nor addressed by the Board. In compliance with the Board's order, Employer remitted the $10,102.00 subrogation award to Claimant's counsel. No further appeals were taken by either party.

■ On October 29, 1991, Claimant filed a petition before the referee seeking to compel Employer to pay interest on the subrogation award as prescribed by Section 406.1 of the Act, and requesting that a penalty be imposed upon Employer pursuant to Section 435(d) of the Act[3] for its failure to pay the interest. The referee denied the Claimant's request to compel Employer to pay interest on the subrogation award, reasoning that since no provision for the payment of interest was included in the referee's original order granting the subrogation award, now final, there was no basis for requiring interest to be paid. The referee likewise declined to impose a penalty because he found no violation of the Act. Claimant appealed to the Board, which affirmed for the same reasons. This appeal followed.[4]

2. Section 406.1 of the Act, 77 P.S. § 717.1, imposes 10% annual interest on compensation due but not paid by an employer.

3. Section 435(d) of the Act provides:

> The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:
>
> (i) Employers and insurers may be penalized a sum not exceeding ten percentum of the amount awarded....

77 P.S. § 991(d). In order to impose a penalty under this Section, an employer's violation of the Act or the regulations of the Department must appear on the record. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992).

4. Our scope of review is limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether the findings of

 Claimant contends that under Section 406.1 of the Act, interest on a subrogation award is automatically payable to a third-party insurer and there is no need for a referee to specifically so order. Section 406.1 of the Act provides that:

> Interest *shall* accrue on all due or unpaid compensation at the rate of ten per centum per annum.

77 P.S. § 717.1 (emphasis added). Under this provision, interest is automatic and does not depend on the reasonableness of the contest or any other factor other than whether the compensation was determined to be due. *Kerns v. Workmen's Compensation Appeal Board (Colt Resources, Inc.)*, 149 Pa.Commonwealth 268, 613 A.2d 85 (1992); *Becerra v. Workmen's Compensation Appeal Board (Leaseway Systems)*, 137 Pa.Commonwealth Ct. 362, 586 A.2d 485 (1991). Whether or not the referee ordered that interest be paid on the subrogation award is irrelevant; as soon as the referee determines the award to be valid, interest automatically becomes payable under Section 406.1.

In *Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, 148 Pa.Commonwealth Ct. 164, 609 A.2d 915 (1992), a case indistinguishable from this, a referee ordered payment of a subrogation claim held by Blue Cross for the claimant's work-related medical bills it had paid while litigation was pending. After the employer exhausted its appeals, it paid the amount of the subrogation claim, but did not include any interest in the payment. *Id.* at 166, 609 A.2d at 915. The claimant filed a petition seeking to compel the employer to pay interest as well as penalties for its failure to do so. *Id.* The referee ordered payment of interest on the subrogation claim, but declined to impose penalties. *Id.* We affirmed, holding that interest under Section 406.1 is payable on a subrogation award made to a third-party insurer that paid a claimant's work-related medical bills during litigation. *Id.* at 167–168, 609 A.2d at 916.[5] Because interest is automati-

fact are supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

**5.** The claimant in that case did not raise the issue of penalty on appeal.

cally payable on a subrogation award under Section 406.1, the Board erred in refusing to compel the payment of interest to Blue Cross on its subrogation award.

■ The only question left open by our decision in *Good Shepherd* is whether the Employer's failure to pay the interest automatically payable on the subrogation award under Section 406.1 warrants the imposition of a penalty under Section 435(d) of the Act. Under Section 435(d) an employer is liable for a 10% penalty when it violates the Act. *Chalmers v. Workmen's Compensation Appeal Board (City of Philadelphia),* 161 Pa.Commonwealth Ct. 285, 636 A.2d 1260 (1994). Contrary to the reasoning of the referee, the Employer's failure to pay the interest mandated by Section 406.1 is clearly a violation of the Act and penalties should have been awarded.

## ORDER

AND NOW, this 22nd day of July, 1994, the order of the Workmen's Compensation Appeal Board, No. A92–1226, dated February 16, 1994, is reversed. The matter is remanded to the Board to remand to the referee for the calculation of interest and imposition of penalties.

Jurisdiction relinquished.