City of Philadelphia,     :  CASES CONSOLIDATED
     Petitioner   :
            :
   v.        :
            :
Wayne Deloatch and Independence :
Blue Cross (Workers' Compensation :
Appeal Board),      :
     Respondents : No. 541 C.D. 2022
            :
Independence Blue Cross,   :
     Petitioner   :
            :
   v.        :
            :
City of Philadelphia and Wayne  :
Deloatch (Workers' Compensation :
Appeal Board),      : No. 589 C.D. 2022
     Respondents : Submitted:  October 8, 2024

BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE STACY WALLACE, Judge

OPINION BY
JUDGE COVEY        FILED:  December 24, 2024

   The City of Philadelphia (Employer) and Independence Blue Cross (Insurer) cross-petition this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 4, 2022 order affirming WC Judge (WCJ) Geoffrey Lawrence's (WCJ Lawrence) decision that granted Insurer's Petition for Penalties (Penalty Petition).[1]  There are two issues before this Court: (1) whether Employer

---

[1] The Board's order also directed Employer to pay Insurer's $124,680.00 lien in accordance with WCJ Audrey Timm's December 14, 2016 decision to pay Insurer statutory interest on that

failed to properly perfect its appeal to the Board by failing to attach the correct decision to its appeal; and (2) whether Insurer waived its right to seek subrogation by failing to properly preserve the issue at every stage of this legal proceeding, including at the appellate stages. After review, this Court affirms.

**Background**

On December 12, 2012, original claimant/decedent Wayne Deloatch (Deloatch) filed a Claim Petition for WC benefits (Claim Petition) pursuant to Section 108(r) of the WC Act (Act),[2] alleging therein that he suffered from non-small cell lung cancer resulting from direct exposure to International Agency for Research on Cancer Group 1 carcinogens while working as a firefighter for Employer. On October 31, 2014, WCJ Audrey Timm (WCJ Timm) denied the Claim Petition, concluding that Deloatch failed to meet his burden of proof. Deloatch appealed to the Board, which, on February 19, 2016, reversed WCJ Timm's denial based on then-existing case law and remanded the matter for WCJ Timm to make findings regarding an award of benefits and Insurer's entitlement to lien reimbursement.

On December 14, 2016, WCJ Timm incorporated her October 31, 2014 credibility determinations into her decision and granted the Claim Petition based only on Employer's evidence, concluding that Deloatch was entitled to medical

---

lien calculated from October 21, 2014, and to pay to original claimant/decedent Wayne Deloatch's estate a 10% penalty on that lien.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. § 27.1(r). Section 108(r) of the Act designates "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer," as a compensable occupational disease under the Act. 77 P.S. § 27.1(r).

benefits for lung cancer under Sections 108(r) and 301(c)(2) of the Act[3] in the amount of $124,680.22. WCJ Timm further determined that Insurer and its agent, HRI/Trover Solutions, established Insurer's payment for medical benefits in the amount of $124,680.22, and that Insurer was entitled to subrogation pursuant to its preserved lien. Employer appealed to the Board, which, on December 11, 2018, reversed WCJ Timm's decision.

Deloatch appealed to this Court on December 26, 2018. Based on that appeal, the sole issue before this Court was whether Deloatch established that he developed a compensable occupational disease in the form of lung cancer under Sections 108(r) and 301(f) of the Act while working for Employer.[4] On January 3, 2020, this Court reversed the Board's order, concluding that because Deloatch established that he was entitled to a statutory presumption under Section 301(f) of the Act and Employer failed to rebut that presumption, he was entitled to benefits under the Act. Employer filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, which the Supreme Court denied.

Thereafter, Vera Deloatch[5] (Claimant) filed a Fatal Claim Petition for WC Benefits by Dependents of Deceased Employees (Fatal Claim Petition) seeking benefits for Deloatch's death due to lung cancer on September 25, 2019. On April 22, 2021, WCJ Lawrence determined that this Court's January 3, 2020 Opinion and Order established that Deloatch's lung cancer was work-related and, since the Supreme Court denied Employer's Petition for Allowance of Appeal, Deloatch's work-related lung cancer was compensable. WCJ Lawrence detailed evidence of

---

[3] 77 P.S. § 411(2). Section 301(c)(2) of the Act states that where a claimant works for more than one employer for a period of more than one year, the liable employer is the employer which last exposed a claimant to the occupational hazard.

[4] Section 301(f) of the Act was added by Section 2 of the Act of July 7, 2011, P.L. 251, 77 P.S. § 414(f) (relating to compensation for cancer suffered by a firefighter).

[5] Deloatch's wife.

3

Claimant's marriage to Deloatch and Deloatch's death and found that Employer asked for time to evaluate Deloatch's medical records and thereafter declared it would not contest the Fatal Claim Petition. WCJ Lawrence granted the Fatal Claim Petition, concluding that Claimant was entitled to 51% of Deloatch's average weekly wage as of September 26, 2019, plus reimbursement for Deloatch's funeral expenses and litigation costs.

**Facts**

On December 23, 2020, Insurer filed the Penalty Petition alleging therein that Employer failed to pay the subrogation lien as WCJ Timm ordered on December 14, 2016. On September 21, 2021, WCJ Lawrence granted the Penalty Petition, concluding that Insurer established that Employer failed to pay the subrogation lien as WCJ Timm directed. WCJ Lawrence made four findings of fact and two conclusions of law. The circulation page of WCJ Lawrence's decision identifies the Dispute Number as 4119825-2 and Claim Number as 4119825. On October 11, 2021, Employer appealed to the Board. Employer filed with the Board a request for supersedeas that same day.

According to the WC Automation and Integration System (WCAIS), Employer's appeal at A21-0803 was from an April 22, 2021 decision and order with Dispute Number DSP-4119825-3 and Claim Number 4119825 (A21-0803 Appeal). The WCAIS link for the disputed decision is to WCJ Lawrence's April 22, 2021 decision and order. Employer filed briefs on November 29 and 30, 2021, opposing the merits of the Penalty Petition. Employer uploaded another copy of its brief on the merits of the Penalty Petition on December 20, 2021. On December 30, 2021, Insurer's counsel uploaded a brief in opposition to Employer's A21-0803 Appeal, defending WCJ Lawrence's grant of the Penalty Petition.

4

Employer's supersedeas request stated that Employer appealed from WCJ Lawrence's September 21, 2021 decision. However, Employer attached a copy of WCJ Lawrence's April 22, 2021 decision to the request. Insurer's counsel opposed Employer's supersedeas request, arguing that the requirements for supersedeas were not met. On November 4, 2021, the Board e-mailed the parties' counsel requesting a copy of the September 21, 2021 decision and both attorneys responded. The Board granted Employer's supersedeas request on November 5, 2021, thereby staying the subrogation lien and penalty awards.

The Board heard oral argument on November 30, 2021, during which the Board raised the fact that Employer failed to attach the correct WCJ decision to its appeal and in connection with its supersedeas request.[6] The parties argued the merits. Neither party discussed the fact that the incorrect decision was attached to Employer's appeal or the request for supersedeas, and neither party suggested that such error constituted prejudice or rendered the Board unable to conduct effective appellate review. At the end of oral argument, the Board asked if the parties thought attaching an incorrect decision impacted the appeal and neither party said that it did. The Board instructed the parties to file briefs as to whether Employer's error was fatal to the appeal and the supersedeas request. Both parties submitted supplemental briefs as requested.

On May 4, 2022, the Board affirmed WCJ Lawrence's September 21, 2021 decision. Relevant to the technical defect, the Board observed that the parties apparently were not aware of the technical defect until the Board raised it and, given

_____

[6] Section 111.11(5) of the Special Rules of Administrative Practice and Procedure Before the Board (Board Rules), 34 Pa. Code § 111.11(5), mandates that all appeals and cross-appeals must contain identification of the WCJ whose decision is in question and a copy of that decision as an attachment. Pursuant to Section 111.21(a)(1) of the Board Rules, 34 Pa. Code § 111.21(a)(1), requests for supersedeas shall also be accompanied by a copy of the WCJ's decision and order.

5

that the defect was promptly cured and that the parties were on notice which decision was the subject of the appeal, the Board concluded there was no prejudice. With respect to the merits, the Board explained that in its December 11, 2018 opinion and order, it reversed the grant of the Claim Petition and the concomitant medical benefit award, including reimbursement of the subrogation lien. The Board further expounded that, contrary to Employer's argument, the Board's 2018 opinion and order were final as to Insurer's subrogation lien claim, and the reason the lien was mentioned in the 2018 opinion and order was so there would be no confusion that since there was no successful underlying claim, there could be no entitlement to medical expenses or a lien for medical expenses paid on Deloatch's behalf. This Court's January 3, 2020 Order reversed the Board's 2018 opinion and order in its entirety. Employer and Insurer cross-appealed to this Court.[7]

**Discussion**

Insurer argues that Employer failed to properly perfect its appeal to the Board because Employer did not attach the correct decision from which the appeal of the penalty petition was taken, as required by Section 111.11(a)(5) of the Special Rules of Administrative Practice and Procedure Before the Board (Board Rules), 34 Pa. Code § 111.11(a)(5). Insurer contends that since the Board Rules regarding these matters use mandatory language (i.e., shall) and Employer's appeal did not comply with the Board Rules, Employer's appeal from WCJ Lawrence's September 21, 2021 decision to the Board was not properly perfected and the Board should have dismissed it at the outset.

---

[7] This Court's "review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)).

6

This Court acknowledges that Section 111.11(a)(5) of the Board Rules provides that all appeals must contain "[i]dentification of the [WCJ] whose decision is in question, including as an attachment, a copy of that [WCJ's] decision." 34 Pa. Code § 111.11(a)(5). However, the Board explained:

> The record certified to the Board contain[ed] the Fatal Claim Petition and the evidence presented on the Fatal Claim Petition. According to the [d]ecision on the Penalty Petition, the record is essentially the same, with the exception of Exhibit D-3, the Pennsylvania Supreme Court docket, which is not presently included in WCAIS. [The Board] d[id] not have a copy of the Penalty Petition, but as the issue on the merits essentially involves legal argument, and there is no dispute a Penalty Petition was filed, this does not preclude review. [Insurer] was not a party to the April 22, 2021 [d]ecision and [o]rder on the Fatal Claim Petition and [] WCJ [Lawrence] did not list [Insurer] or its counsel on the cover sheet for the September 21, 2021 [d]ecision and [o]rder on the Penalty Petition. [Employer's] current Notice of Appeal, however, lists [Insurer's] counsel as an interested party. The Notice of Appeal makes very clear that the challenge concerns [Insurer's] entitlement to reimbursement of a lien. As noted, [Insurer's] counsel responded to [Employer's] request for supersedeas on the merits and has filed a brief in opposition to the merits. At no point prior to the Supplemental Brief did [Insurer] raise the issue of the incorrect attachment.

Bd. May 4, 2022 Dec. at 7-8.

The Board concluded:

> While [Insurer] argues prejudice in the form of having to continue to defend against [Employer's] appeal, given that it has had the opportunity to respond to [Employer's] request for supersedeas and its arguments on the merits in the form of a brief and presentation at oral argument, [the Board] cannot agree that prejudice has been shown. The parties apparently were not aware of this technical defect until it was raised by the Board.

7

> Given that the defect was promptly cured and that the parties were on notice of the decision[,] which was the subject of the appeal, [the Board] hold[s] that there was no prejudice as a result.

*Id*. at 8-9. This Court agrees with the Board that there was no prejudice because Employer promptly cured the defect. Because the Board, not Insurer, raised the technical defect, the defect was cured promptly, and there was no prejudice, Employer's appeal from WCJ Lawrence's September 21, 2021 decision to the Board was properly perfected once the defect was cured. Accordingly, this Court will address Employer's argument on the merits of its appeal.

Employer argues that Insurer waived its right to seek subrogation by failing to properly preserve the issue at every stage of this legal proceeding, including at the appellate stages. Specifically, Employer contends that because Insurer did not appeal from the Board's December 11, 2018 opinion and order that reversed WCJ Timm's decision granting the Claim Petition and awarded entitlement to medical benefits and reimbursement of Insurer's lien, and this Court did not address the subrogation issue in its January 3, 2020 Opinion, that portion of the Board's opinion and order is binding. Employer further asserts that this Court did not expressly or implicitly reverse the portion of the Board's order that addressed Insurer's rights.

Insurer rejoins that Employer waived all issues relative to Insurer's subrogation lien because it failed to include any such arguments in its brief to the Board in its appeal from WCJ Timm's September 21, 2021 decision granting the Claim Petition and the subrogation lien. In the alternative, Insurer submits that a subrogation lien does not exist in a WC case until a claim petition is granted in a claimant's favor. That being the case, Insurer asserts that it did not have standing to appeal from the Board's order because the underlying Claim Petition was not granted. Insurer proclaims that this Court's January 3, 2020 Order reversing the

8

Board's December 11, 2018 opinion and order in its entirety controls, which reversal effectively reinstated WCJ Timm's September 21, 2021 decision granting the Claim Petition and Insurer's subrogation lien.

Initially, "[t]his Court requires that a subrogation lien be raised and established before the WCJ." *Lusby v. Workers' Comp. Appeal Bd. (Fischler Co. & Sparmon, Inc.)*, 976 A.2d 1230, 1235 (Pa. Cmwlth. 2009). Further,

> "[t]he concept of subrogation is based on 'the right of one, who has paid an obligation in which another should have paid, to be indemnified by the other.'" *Holgate v. Workmen's Comp[.] Appeal [Bd.] (City of Phila[.]), . . .* 521 A.2d 82, 84 ([Pa. Cmwlth.] 1987) (quoting *Olin Corp. [Plastics Div.] v. Workmen's Comp[.] Appeal [Bd.], . . .* 324 A.2d 813, 816 ([Pa. Cmwlth.] 1974).

*Lamberson v. Workmen's Comp. Appeal Bd. (U.S. Silica)*, 654 A.2d 668, 673 (Pa. Cmwlth. 1995). In subrogation, the insurer stands in the shoes of the insured who, in WC matters, is the injured employee. *See Frazier v. Workers' Comp. Appeal Bd. (Bayada Nurses, Inc.)*, 52 A.3d 241 (Pa. 2012).

Here, Insurer established its subrogation lien before WCJ Timm, as evidenced by WCJ Timm's December 14, 2016 decision. As the Board stated: "[T]he reason the lien was mentioned in [its December 11,] 2018 [opinion and o]rder was so there would be no confusion that since there was no successful underlying claim, there could be no entitlement to medical expenses or a lien for medical expenses paid on [Deloatch's] behalf." Bd. Dec. 11, 2018 Dec. at 12. Once this Court reversed the Board's opinion and order, the granting of the underlying Claim Petition was reinstated; thus, the "entitlement to medical expenses or a lien for medical expenses paid on [Deloatch's] behalf" was also reinstated. *Id*. This Court acknowledged that after opining that "Claimant [was] entitled to benefits under the Act," it reversed "the order of the [Board], dated December 11, 2018[,]" in its entirety, as opposed to a portion thereof. *Deloatch v. Workers' Comp. Appeal Bd.*

9

*(City of Phila.)*, 224 A.3d 432, 442 (Pa. Cmwlth. 2020). Accordingly, Insurer did not waive its right to seek subrogation by not appealing from the Board's December 11, 2018 opinion and order.

Employer further argues that WCJ Lawrence erred by ordering it to pay interest on the subrogation lien from October 21, 2014. Employer asserts that Section 319 of the Act, 77 P.S. § 671, does not contain a provision for accrual of interest. Employer cites *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947 (Pa. 2018), to support its position. Employer contends that, assuming Insurer is entitled to interest, such interest should only start accruing after the subrogation lien becomes payable. Employer claims that Insurer's subrogation lien never became payable but, if it did, it was not payable until WCJ Lawrence granted the Penalty Petition. Insurer retorts that Employer also waived any argument that interest on Insurer's subrogation lien was not payable in light of *Whitmoyer*, since it failed to raise that argument before the Board during its appeal from WCJ Timm's decision granting the Claim Petition and the subrogation lien.

Initially, Section 319 of the Act provides, in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate[,] or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in

10

excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate[,] or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671. Section 406.1(a) of the Act mandates: "Interest shall accrue on all due and unpaid compensation at the rate of [10%] per annum." 77 P.S. § 717.1.[8]

In *Gattuso v. Workmen's Compensation Appeal Board (McKeesport Candy Co.)*, 646 A.2d 611 (Pa. Cmwlth. 1994), this Court explained:

> In *Good Shepherd Workshop v. Workmen's Compensation Appeal Board (Caffrey)*, . . . 609 A.2d 915 ([Pa. Cmwlth.] 1992), a case indistinguishable from this, a referee ordered payment of a subrogation claim held by [the insurer] for the claimant's **work-related medical bills** it had paid **while litigation was pending**. After the employer exhausted its appeals, it paid the amount of the subrogation claim, but did not include any interest in the payment. *Id*. . . . at 915. The claimant filed a petition seeking to compel the employer to pay interest as well as penalties for its failure to do so. *Id*. The referee ordered payment of interest on the subrogation claim[] but declined to impose penalties. *Id*. [This Court] affirmed, holding that **interest under Section 406.1 [of the Act] is payable on a subrogation award made to a third-party insurer that paid a claimant's work-related medical bills during litigation**. *Id*. . . . at 916. Because **interest is automatically payable on a subrogation award under Section 406.1 [of the Act]**, the Board erred in refusing to compel the payment of interest to [the insurer] on its subrogation award.

*Gattuso*, 646 A.2d at 613 (emphasis added; footnote omitted).

Employer contends that *Whitmoyer* overruled *Gattuso* because *Whitmoyer*, in distinguishing compensation from installments of compensation, held:

---

[8] Section 406.1(a) of the Act was added by Section 3 of the Act of February 8, 1972, P.L. 25.

> [A]fter satisfying the employer's accrued subrogation lien, which encompasses "compensation" payments made by the employer **toward both disability benefits *and* medical expenses** prior to the third-party settlement, **the General Assembly intended the excess recovery to be paid to the injured employee and to be treated as an *advance payment* only on account of any future disability benefits**.

*Id*. at 957 (bold and italic emphasis added).

However, the Pennsylvania Supreme Court decided *Whitmoyer* in the context of the employer's right to subrogation against a third-party recovery to the extent of the WC benefits payable under the Act by the employer, which includes past disability and medical expenses and future disability benefits. Here, as in *Gattuso*, the context is payment of a subrogation claim held by the insurer for only the claimant's work-related medical bills it had paid while litigation was pending. Thus, *Whitmoyer* did not overrule *Gattuso*. Accordingly, because Insurer is entitled to interest on its subrogation lien, and the subrogation lien was established as of October 21, 2014, when Insurer introduced it before WCJ Timm, WCJ Lawrence did not err by ordering Employer to pay interest on the subrogation lien from October 21, 2014.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Wayne Deloatch and Independence | : | |
| Blue Cross (Workers' Compensation | : | |
| Appeal Board), | : | |
| Respondents | : | No. 541 C.D. 2022 |
| | : | |
| Independence Blue Cross, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia and Wayne | : | |
| Deloatch (Workers' Compensation | : | |
| Appeal Board), | : | No. 589 C.D. 2022 |
| Respondents | : | |

# O R D E R

AND NOW, this 24th day of December, 2024, the Workers' Compensation Appeal Board's May 4, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge